977 F.2d 597
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Frederick LEONARD, Defendant-Appellant.
 No. 91-5021.
 United States Court of Appeals, Tenth Circuit.
 Aug. 28, 1992.
 
 Before ANDERSON and EBEL, Circuit Judges, and VAN SICKLE, Senior District Judge.*
 EBEL, Circuit Judge.
 
 
 1
 ORDER AND JUDGMENT**
 
 
 2
 This is an appeal from a plea of guilty to continuing criminal enterprise in violation of 21 U.S.C. § 848. The Defendant-Appellant argues that he pled guilty to this charge in reliance upon erroneous advice of counsel. Because the facts necessary to evaluate this contention do not appear in the record before us, we remand for factual findings regarding the nature of the advice given to the Defendant-Appellant and his reliance upon that advice in his decision to plead guilty.[1]
 
 FACTS
 
 3
 The Defendant-Appellant, Charles F. Leonard, was involved in a methamphetamine laboratory. After Sam Canup, who was also involved in the laboratory, was murdered, Leonard was arrested by Oklahoma authorities and charged with manufacture of methamphetamine. Pursuant to an agreement with Oklahoma authorities, the exact parameters of which are in dispute, Leonard gave a taped statement about the murder and the methamphetamine manufacturing operation.
 
 
 4
 The Government asserts that the Oklahoma authorities agreed only to drop the pending methamphetamine manufacturing charge in exchange for Leonard's statement. Leonard asserts that the Oklahoma authorities essentially promised him full immunity from prosecution for any crime, state or federal, stemming from the methamphetamine operation or the murder. Had he thought that he remained open to federal prosecution for methamphetamine production, he asserts, he would not have given the statement.[2]
 
 
 5
 After Leonard gave his statement, he was indicted in federal court for (1) conspiracy to manufacture, possess with intent to distribute, and distribute methamphetamine, in violation of 21 U.S.C. § 846, and (2) continuing criminal enterprise, in violation of 21 U.S.C. § 848. The indictment was based on substantially the same conduct as the Oklahoma manufacturing charge that was dismissed pursuant to the confession agreement. Leonard moved to suppress his statement to the Oklahoma authorities. The district court denied Leonard's motion to suppress the statement, finding that the confession agreement contained no grant of immunity from federal prosecution and that, notwithstanding this fact, Leonard gave his statement voluntarily.[3]
 
 
 6
 When the district court denied his motion to suppress, Leonard pled guilty to the continuing criminal enterprise charge. His guilty plea was made pursuant to a plea agreement in which the Government agreed to (1) drop the conspiracy charge, (2) prosecute no other federal charges against Leonard for any acts occurring in connection with the federal investigation, (3) arrange for Oklahoma to drop a first degree murder charge brought against Leonard for the Canup murder, (4) request a two-level decrease in offense level for acceptance of responsibility, (5) stipulate that the methamphetamine received by Leonard was less than pure, and (6) stipulate that Leonard's participation in the manufacturing of methamphetamine was minimal.
 
 
 7
 Leonard asserts that he entered the plea agreement, and the unconditional guilty plea, upon the advice of counsel that he could subsequently appeal the district court's denial of his suppression motion. This advice, to the extent that it was given, was erroneous. United States v. Davis, 900 F.2d 1524, 1526 (10th Cir.) ("Because the effect of the guilty plea was to waive all nonjurisdictional defenses, we need not and do not review the trial court's denial of [the defendant's] suppression motions.") cert. denied, 111 S.Ct. 155 (1990). On appeal, Leonard argues that this advice constituted ineffective assistance of counsel.
 
 DISCUSSION
 
 8
 To show ineffective assistance of counsel in connection with a guilty plea, a defendant must prove two elements. First, he " 'must show that counsel's representation fell below an objective standard of reasonableness.' " Hill v. Lockhart, 474 U.S. 52, 57 (1985) (quoting Strickland v. Washington, 466 U.S. 668, 687-88 (1984)). Second, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.
 
 
 9
 Giving plainly erroneous legal information regarding important consequences of a guilty plea may fall below the objective standard of reasonableness. Although there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," Strickland, 466 U.S. at 689, the Supreme Court has explained that this presumption is essentially "that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy,' " id. (citation omitted). We fail to see how erroneous advice regarding important consequences of a guilty plea can be considered sound trial strategy.
 
 
 10
 This is not to say that any error by counsel in advising a defendant about a guilty plea renders counsel constitutionally deficient. Where counsel errs in predicting the future course of the law or how a court will apply present law whose application allows discretion, counsel acts within the range of competence mandated by the Constitution. See, e.g., Parker v. North Carolina, 397 U.S. 790, 797-98 (1970) (counsel's allegedly mistaken conclusion that confession was admissible "was well within the range of competence required of attorneys representing defendants in criminal cases"); United States v. Zweber, 913 F.2d 705, 712 (9th Cir.1990) ("[The defendants'] lawyers failed to anticipate the court's interpretation of [the U.S. Sentencing Guidelines], but their approach was not clearly wrong under the existing cases.... Defense counsel's assistance was not outside of the acceptable range of competence."). As noted by the Fourth Circuit, " '[A]lthough counsel need not be a fortune teller, he must be a reasonably competent legal historian. Though he need not see into the future, he must reasonably recall (or at least research) the past....' " Kennedy v. Maggio, 725 F.2d 269, 272 (4th Cir.1984) (citation omitted).
 
 
 11
 In a nearly identical case to this, the Seventh Circuit held that an attorney who mistakenly informed a defendant that he could appeal evidentiary rulings after pleading guilty was constitutionally deficient. United States ex rel. Healey v. Cannon. 553 F.2d 1052, 1058 (7th Cir.), cert. denied, 434 U.S. 874 (1977). Every circuit that we are aware of that has addressed the issue has held that counsel who offers patently erroneous advice material to a guilty plea may be constitutionally deficient. See Sparks v. Sowders, 852 F.2d 882, 885 (6th Cir.1988) ("[G]ross misadvice concerning parole eligibility can amount to ineffective assistance of counsel."); Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir.1986) ("[G]ross mischaracterization of the likely [sentencing] outcome presented in this case, combined with ... erroneous advice on the possible effects [of sentencing statute if defendant went] to trial, falls below the level of competence required of defense attorneys."); Downs-Morgan v. United States, 765 F.2d 1534, 1539-41 (11th Cir.1985) ("patently erroneous advice" regarding possibility of deportation as result of guilty plea may constitute ineffective assistance of counsel); Kennedy v. Maggio, 725 F.2d 269, 272 (5th Cir.1984) (' "Where counsel has induced defendant to plead guilty on the patently erroneous advice that if he does not do so he may be subject to' [a significantly harsher penalty]," counsel is constitutionally deficient.) (citation omitted); O'Tuel v. Osborne, 706 F.2d 498, 500 (4th Cir.1983) (" '[W]hen [a defendant] is grossly misinformed about [parole eligibility dates and the possibility of receiving the death sentence] by his lawyer, and relies upon that misinformation, he is deprived of his constitutional right to counsel.' ") (citation omitted); see also Cepulonis v. Ponte, 699 F.2d 573, 577 (1st Cir.1983) ("[M]isinformation [regarding parole eligibility] may be more vulnerable to constitutional challenge than mere lack of information....").
 
 
 12
 Leonard also alleges that he relied on the erroneous advice of counsel--that but for this advice, he would have pleaded not guilty and insisted on going to trial. Thus, the facts alleged by Leonard are sufficient to state a claim for ineffective assistance of counsel.
 
 
 13
 The Government does not dispute that the facts alleged by Leonard, if true, would entitle him to relief. Rather, the Government argues that Leonard has not offered sufficient proof of these facts. Additionally, the Government argues, the facts available in the record suggest that Leonard would have pled guilty even if his attorney gave him accurate advice regarding his ability to appeal the district court's suppression ruling. Thus, the Government argues, we should affirm Leonard's conviction. We disagree.
 
 
 14
 We agree with the Government that the record before us is inadequate to address Leonard's argument. There is no evidence as to what advice Leonard's counsel gave him and no evidence of the extent to which Leonard relied upon this advice in deciding whether to plead guilty. However, we disagree that this inadequacy mandates affirmance. In those rare cases such as this where ineffectiveness of counsel is first raised on direct appeal, the record is unlikely to contain enough evidence to address the issue. "If the record is insufficient, the appellate court may either remand for an evidentiary hearing or simply decline to consider the claim on direct appeal." Beaulieu v. United States, 930 F.2d 805, 807 n. 2 (10th Cir.1991) (citation omitted). However, the latter course effectively relegates the defendant to habeas review. We see no reason to take that course here. Accordingly, we remand for an evidentiary hearing to determine what advice counsel gave to Leonard and the extent to which Leonard relied upon that advice in his decision to plead guilty.
 
 
 15
 Generally, where an appeals court is presented with an ineffective assistance of counsel argument in a guilty plea context and the record is insufficient to address the argument, the court remands for an evidentiary hearing. See Moore v. United States, 950 F.2d 656, 660-61 (10th Cir.1991); Sparks, 852 F.2d at 885; Iaea, 800 F.2d at 865-66; Downs-Morgan, 765 F.2d at 1541; see also United States v. Bowie, 892 F.2d 1494, 1502 (10th Cir.1990) (in non-guilty-plea case, remanding to determine whether conflict rendered counsel's performance constitutionally inadequate).
 
 
 16
 Admittedly, some courts have declined to grant relief where a defendant has failed to offer adequate proof to support his allegations that he was inadequately advised or that he relied on such advice. See United States v. Jordan, 870 F.2d 1310, 1318 (7th Cir.) cert. denied, 493 U.S. 831 (1989); United States v. Signori, 844 F.2d 635, 639 (9th Cir.1988). However, in each of these cases the defendant apparently had the opportunity to develop a factual record. See Jordan, 870 F.2d 1312 (defendant moved in district court to suppress evidence of prior plea on ineffective assistance grounds); Signori, 844 F.2d at 639 (affidavits filed in district court at plea withdrawal motion).
 
 
 17
 We can imagine a situation where evidence in the record effectively precludes a defendant from proving an ineffective assistance claim. See, e.g., Cepulonis, 699 F.2d at 577 (defendant claimed that he was erroneously advised regarding parole eligibility date, but lower court found that he "was 'expressly advised when he pleaded that maximum possible sentences of up to life for each offense could be imposed'; that 'counsel diligently explained to him that the sentencing judge was not bound to follow the prosecutor's recommendations'; and [the defendant], as a parole violator serving out a prior sentence, could reasonably be expected to know that parole eligibility depended on the length of sentence.") (citation omitted). In such a case, a remand for a factual hearing would be futile. However, this is not such a case.
 
 
 18
 The Government argues that the fact that Leonard admitted during the plea colloquy that he pled guilty because he was guilty, R., Supp.Vol. III, at 20, precludes a finding of prejudice. That is, the Government argues, Leonard "admitted" that he pled guilty because he was guilty--not because he had been given certain advice by counsel. However, this is not dispositive. As the Eleventh Circuit explained, "A defendant's statement at the time of his Rule 11 hearing that his guilty plea is intelligent and voluntary is not dispositive, although it gives rise to a presumption that the plea is constitutionally adequate. ... Any presumptions arising from these statements ... are overcome because [the defendant] had no way of knowing at the time of the hearing that his lawyer had incorrectly informed him...." Downs-Morgan, 765 F.2d at 1541 n. 14. The same reasoning applies to a defendant's statement at a Rule 11 hearing that he is pleading guilty because he is guilty.
 
 
 19
 Moreover, many considerations, including actual guilt, may go into a defendant's decision to plead guilty. Yet the fact that only some of those reasons involve erroneous advice of counsel does not preclude a finding that the defendant relied upon that advice and would have pled differently had he been given correct advice. See O'Tuel, 706 F.2d at 501 ("[T]he fact that other considerations [besides the erroneous advice] significantly affected the plea decision is not determinative."] Thus, the Government's argument that the terms of the plea agreement were sufficiently attractive to influence Leonard's decision to plead guilty even if he had been given accurate advice is similarly insufficient to preclude a factual hearing.[4]
 
 
 20
 In summary, Leonard has alleged facts that, if proven, could constitute ineffective assistance of counsel in connection with his guilty plea. Because he has not had an opportunity to develop these facts, we remand for a factual hearing to determine whether Leonard was erroneously informed that he would be able to appeal the district court's suppression ruling and, if so, the extent to which he relied upon such advice in deciding to plead guilty.
 
 
 21
 Accordingly, we REMAND.
 
 
 
 *
 The Honorable Bruce M. Van Sickle, Senior District Judge of the United States District Court for the District of North Dakota, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 [2]
 On the tape, the parties note, "this statement is predicated upon the District Attorney's Office grant of immunity, which would have to be judicially done ... at some point in time or in exchange for ... a dismissal of ... the one count manufacturing charge that's pending." Defendant/Appellant's Opening Br., App. B, at 1. This is not necessarily inconsistent with Leonard's purported understanding of the agreement. Leonard asserts that the Oklahoma authorities led him to believe that the one manufacturing charge was the only charge that the state intended to bring against him and that the federal government did not intend to bring charges against him
 
 
 [3]
 The record before us is inadequate to assess the validity of the district court's findings. Moreover, as discussed below, Leonard's guilty plea precludes us from reviewing the denial of his motion to suppress
 
 
 [4]
 We note, additionally, that Leonard rebuts the Government's arguments about the attractiveness of the plea agreement. For example, he argues that the plea agreement, at most, reduced his offense level by two points (reducing his sentence range from 262-327 months to 210-262 months), and his special assessments by $50. He argues that Oklahoma's murder charge is barred by his confession agreement and that therefore dropping that charge is meaningless. We do not address any of these arguments, as the attractiveness of the plea agreement relative to the possibility of appealing the suppression ruling is a factual matter best determined at a factual hearing