16 F.3d 418
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Frederick LEONARD, Defendant-Appellant.
 No. 93-5085.
 United States Court of Appeals, Tenth Circuit.
 Feb. 15, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 This is a criminal appeal under Fed. R.App. P. 4(b). Charles Leonard pled guilty to a charge of operating a continuing criminal enterprise in violation of 21 U.S.C. 848 and was sentenced to prison. Mr. Leonard then appealed, arguing that he had agreed to plead guilty in reliance upon erroneous advice of counsel that the guilty plea would not prevent him from appealing the district court's earlier denial of his motion to suppress. This court held that the record was inadequate to address Mr. Leonard's claim of ineffective assistance, and we remanded the matter to the district court for a factual hearing on the issue of whether Mr. Leonard's counsel had erroneously informed him that he would be able to appeal the suppression ruling and, if so, the extent to which he relied upon that advice in deciding to plead guilty. United States v. Leonard, No. 91-5021, 1992 U.S.App. LEXIS 21044 at * 14 (10th Cir.1992). On remand, the district court held evidentiary hearings on those issues, at the conclusion of which the court found that Mr. Leonard's counsel had not provided erroneous information. The court concluded that Mr. Leonard's ineffective assistance claim was "unfounded in that Leonard was fully advised of his legal rights by counsel and that he entered his plea of guilty based on his decision to accept a favorable plea rather than face the potential of a less favorable result from trial." (R. Vol. I, Doc. 131, at 5-6.)
 
 
 3
 At Mr. Leonard's request, his counsel in the district court then filed this appeal. Mr. Leonard's counsel indicated his belief that the appeal was frivolous and that he was filing the appeal under the procedures set forth in Anders v. California, 386 U.S. 738, 744 (1967), and Tenth Circuit Rule 46.4.2. In accordance with those procedures, Mr. Leonard's counsel has certified that he has reviewed the case and discussed it with Mr. Leonard and that he has provided a copy of the brief to Mr. Leonard. Also in accordance with Anders, Mr. Leonard's counsel requests permission to withdraw.
 
 
 4
 We subject a claim of ineffective assistance of counsel to review under the de novo standard. United States v. Rhodes, 913 F.2d 839, 844 (10th Cir.1990), cert. denied, 498 U.S. 1122 (1991). However, the district court's findings of fact are, as usual, reviewed under the clearly erroneous standard, with due regard for the trial court's opportunity to judge the credibility of the witnesses. O'Connor v. R.F. Lafferty & Co., 965 F.2d 893, 901 (10th Cir.1992).
 
 
 5
 We remanded Mr. Leonard's original appeal to the district court with instructions to conduct an evidentiary hearing on the factual matters as to whether Mr. Leonard's counsel had provided erroneous information and the extent to which Mr. Leonard had relied on that information in deciding to plead guilty. After hearing testimony from Mr. Leonard and from Mr. Leonard's trial counsel, the district court found as a factual matter that Mr. Leonard had not been provided erroneous advice and that he had made his decision to plead guilty with full knowledge of the consequences thereof. We have reviewed the briefs of the parties and the transcript of the hearing on remand, with particular attention paid to the testimony of Mr. Leonard and of his trial counsel. We conclude that the district court's factual findings as to what Mr. Leonard knew at the time he decided to plead guilty are not clearly erroneous. Accordingly, we affirm the conviction, and we grant Mr. Leonard's counsel's request for permission to withdraw.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470