**Fred A. BUCHANAN, Petitioner,**

v.

**Ray H. PAGE et al., Respondent.**

**No. A–14790.**

Court of Criminal Appeals of Oklahoma.

Feb. 19, 1969.

T. Hurley Jordan, Asst. Public Defender, for petitioner.

Al Hoch, Asst. Dist. Atty., for respondent.

PER CURIAM:

This is an original proceeding in which Fred A. Buchanan has filed with this court an application for an appeal out of time of the judgment and sentence pursuant to which he is presently incarcerated in the state penitentiary. On May 12, 1967, judgment and sentence was imposed by the District Court of Oklahoma County, Oklahoma, sentencing Petitioner to ten years imprisonment upon a jury verdict finding him guilty of the crime of assault and battery with a deadly weapon with the intent to kill, Case No. 32949. Upon a review of Petitioner's application for an appeal out of time this court on October 30, 1968, ordered that an evidentiary hearing be conducted on the merits thereof. On November 22, 1968, such an evidentiary hearing was conducted before the Honorable Boston Smith, District Judge, in the District Court of Oklahoma County with Petitioner present and represented by T. Hurley Jordan, Assistant Public Defender, and the State represented by Al Hoch, Assistant District Attorney. At this hearing Petitioner testified as well as Petitioner's court appointed trial attorney, William Mounger, then Assistant Public Defender.

A transcript of the proceedings at the time of Petitioner's sentencing, admitted into evidence at the evidentiary hearing, reflects that after the sentencing Judge imposed the sentence he stated to Petitioner "and you are advised of your right to appeal from this sentence. (Thereupon, The court adjourned.)" The transcript of the proceedings at sentencing reveal nothing further with regard to an appeal.

Petitioner testified that he told his court appointed trial counsel that he wanted an appeal and believed his counsel had appealed the conviction. Petitioner's court appointed trial counsel, Mr. Mounger, testified that he had explained to Petitioner that filing a motion for a new trial was a mere formality and would be overruled by the court and that he advised Petitioner that there was no merit or grounds on which to appeal the conviction. Mr. Mounger further testified that upon later inquiry by Petitioner from the penitentiary regarding the appeal, that he corresponded with the Petitioner stating that "no appeal has been filed and none will be filed because there is no error in the records. What I said to the court is a mere form of what lawyer's call completing the records." Both Petitioner and his court appointed trial counsel were questioned at the evidentiary hearing regarding what elements in the case could be appealed and the merit of such.

■ It should be noted that testimony at a evidentiary hearing ordered by this court on an application for an appeal out of time regarding any merit to an appeal is beside the point and superficial at best. The issue in such a hearing is whether or not Petitioner has been denied any right relating to the right to appeal his conviction. 22 O.S.Supp.1968, § 1073.

■ It is not the role or the right of a court appointed counsel to determine whether or not an appeal of a conviction will be made. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The right to an appeal is a personal right which can only be waived by the defendant after he has been fully advised of such right. Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996 18 L.Ed.2d 33 (1967). Scobie v. Oklahoma, 239 F.Supp. 646 (D.C.Okl.1965).

■ The mere mention by a court at the time of imposition of sentence that the defendant is "advised of your right to appeal", standing alone, does not constitute advising an accused of his right to appeal; and the failure of an accused in such a situation to take the steps necessary in order to perfect an appeal within the time allowed by law does not constitute a knowing waiver of the right to appeal the conviction. In Copenhaver v.

State, Okl.Cr., 431 P.2d 669 (1967) this court in great detail specified what is necessary at the time of sentencing in order to properly advise an accused of his right to appeal. In that decision this court expressly held at the time of sentencing whether the accused is represented by retained counsel, court appointed counsel, or no counsel, on a plea of guilty or after a finding of guilty, that the accused must be advised of his right to appeal, the right to be represented by a court appointed counsel on appeal, the right to a casemade at public expense, that notice of intent to appeal and request for a casemade must be made within 10 days of the date of judgment and sentence, and thereupon the court must inquire of the prisoner if he desires the appeal, desires a casemade, or desires appointment of counsel. All of the proceedings thereon should be reduced to writing and made a permanent part of the court filed in such case.

■ In the instant case after a review of the transcript of the proceeding had at the time of sentencing and a review of the transcript of the evidentiary hearing held on November 22, 1968, it is apparent that Petitioner was not fully advised of his right to appeal his conviction or the procedure necessary therein; and that he did not knowingly waive the right to appeal his conviction within the time allowed by law. We therefore find that Petitioner has in effect been denied the right to appeal his conviction and that he is therefore entitled to an appeal out of time as authorized by 22 O.S.Supp.1968, § 1073.

It is therefore ordered that the Presiding Judge of the Seventh Judicial District direct the appointment of counsel to represent Petitioner on appeal from the judgment and sentence imposed on May 12, 1967, in Case No. 32949, by the District Court of Oklahoma County; said counsel shall be provided with a casemade in said case at public expense. The counsel so appointed shall have thirty days within which to file with this court a petition-in-error with the casemade attached after receiving said casemade. Thereafter said

counsel shall comply with the rules of this court regarding the perfection of an appeal. Appeal out of time granted.

This application was assigned to the Referee, Mr. Penn Lerblance, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.