**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 16 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GARY ZANE BEAVERS,

      Petitioner - Appellant,

vs.

JAMES L. SAFFLE,

      Respondent - Appellee.

No. 99-6154

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. CIV-97-1401-A)

Mac Oyler, Oklahoma City, Oklahoma, for Petitioner - Appellant.

Kellye Bates, Assistant Attorney General (and W.A. Drew Edmondson, Attorney General, with her on the brief), Oklahoma City, Oklahoma, for Respondent - Appellee.

Before **BALDOCK**, **KELLY**, and **HENRY**, Circuit Judges.

**KELLY**, Circuit Judge.

Plaintiff-Appellant, Gary Zane Beavers appeals from the denial of his 28 U.S.C. § 2254 motion. On March 2, 1992, he pled guilty to first degree murder in Oklahoma district court. After numerous state proceedings, he filed the present

habeas petition. Mr. Beavers' habeas petition and request for a certificate of appealability (COA) were both denied by the district court. We granted a COA on four issues: (1) whether Mr. Beavers procedurally defaulted certain claims because of advice given by the Oklahoma Court of Criminal Appeals (OCCA); (2) the voluntariness of his plea; (3) ineffective assistance of counsel; and (4) the applicability of Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

Background

The facts, according to Mr. Beavers, are as follows. On June 24, 1991, Mr. Beavers and his wife took their daughter to a local motel to swim. Later in the evening, Mr. Beavers – already drunk at the time – took his wife to the motel bar. The victim, Raymond Matthews, was also at the bar and began touching and making sexual remarks regarding Mrs. Beavers. Later that evening, in a motel room with no one else present, Mr. Beavers killed Mr. Matthews by hitting him in the head several times with a baseball bat.

Charges were filed against Mr. Beavers for murder and against his wife as an accessory to murder. According to Mr. Beavers, he pleaded guilty for two reasons. First, he indicates that the state used the unsubstantiated charges against his wife as a tool to coerce him into pleading guilty. Aplt. App. at 90. Mr. Beavers' wife urged him to plead so that the charges against her would be

- 2 -

dropped and she could take care of their young daughter. About a month after the plea, the time to file an appeal had elapsed and the charges against his wife were dropped.

Second, Mr. Beavers' attorney misinformed him that it would take between ten to twelve years to make parole on a life sentence for murder. In fact, the average time to make parole in the Oklahoma prison system for a murder life sentence was twenty-two and a half years. See id. at 94-95 (affidavit of Beavers' counsel acknowledging that he gave incorrect information about parole). This was an important factor in agreeing to plead, because Mr. Beavers "wanted to get the sentence behind me before my young daughter, Nicole, was grown or an adult." Id. at 90.

## State Procedural Background

Mr. Beavers did not file a direct appeal, allegedly because the charges had not yet been dismissed against his wife and he feared that she would be prosecuted if he appealed. Aplt. Br. at 18. On February 5, 1993, almost a year after judgment, Mr. Beavers filed an "Application for An Evidentiary Hearing/Application to Withdraw Plea/Alternative/Application to Appeal Out of Time." Aplt. App. at 22. This same application was later refiled on March 4, 1993. Id. at 46. Both applications contained numerous claims of error, including

the involuntary plea and ineffective assistance grounds.

Mr. Beavers also attempted to raise claims by filing a writ of mandamus with the OCCA. In a February 12, 1993 order, the OCCA denied the writ as an improper procedure for challenging the conviction. Id. at 84. The OCCA informed Mr. Beavers that

> [t]he proper procedure for Petitioner to follow if he desires an appeal out of time of his conviction is to file an application for post-conviction relief in the District Court of Oklahoma County requesting an appeal out of time. Petitioner's right to appeal the merits of the allegations raised is dependent upon his ability to prove he was denied an appeal through no fault of his own.

Id. at 85.

Mr. Beavers then filed another writ of mandamus on March 12, 1993 asking the OCCA to order the district court to rule on his February 5 application. On March 23, the OCCA denied the writ since Mr. Beavers did not have a "legal right to a response by the District Court to a post-conviction application thirty-five days after said application was filed in the District Court." Id. at 87.

The district court subsequently denied the application for an evidentiary hearing although no reasons were given and it is unclear exactly which application the court dealt with. In its April 5, 1993 letter to Mr. Beavers, the court simply stated: "Pursuant to your request for Application for An Evidentiary Hearing by letter dated March 8, 1993, as per Judge Jackson, this request has been

denied." Aplt. App. at 70.  Mr. Beavers, following the advice of the OCCA, then filed a motion specifically designated as "Petition For An Appeal Out Of Time" on April 26, 1993.  Id. at 74.  In this petition, he raised the involuntariness of his plea but failed to allege the ineffective assistance claim.  The district court denied the petition on April 29, 1993 in a short letter which stated: "Your Petition for Appeal Out of Time is hereby denied."  Id. at 81.  The OCCA affirmed the denial in an August 25, 1993 order.  Id. at 82.

Several years later, Mr. Beavers filed another application for post-conviction relief, raising six claims including the involuntary plea and  ineffective assistance.  On June 20, 1997, the Oklahoma district court denied the petition, stating that all grounds for relief "must be raised in his original supplemental or amended application."  Id. at 121.  As Mr. Beavers failed to show a sufficient reason why his new claims were not raised on direct appeal or in the first application, the court refused to consider the petition.  The denial of the petition was affirmed by the OCCA on August 27, 1997.  Id. at 122.  Mr. Beavers filed his habeas petition on the same day.  Id. at 1.  The federal district court held that Mr. Beavers was procedurally barred from bringing his claims and this appeal followed.

I.    Advice of the OCCA

Mr. Beaver's first claim of being misled by the OCCA is a question of state procedural law. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67 (1991). The right to challenge a sentence in a post-conviction application is not constitutionally based. Therefore, any advice the OCCA gave concerning such a right is beyond the scope of habeas review.[1]

II.    Involuntary Plea

Mr. Beavers claims that his plea is involuntary because "the prosecution coerced him into pleading guilty by threatening to prosecute his wife." Aplt. Br. at 18. "Normally, before habeas relief may be granted a Petitioner is required to exhaust his remedies in state courts." Barnett v. Hargett, 174 F.3d 1128, 1134 (10th Cir. 1999). Mr. Beavers did not bring a direct appeal of this claim, and is therefore barred from raising it in federal court unless he can show either (1)

---

[1]We note that Mr. Beavers' claim would summarily fail on the merits as well. The advice given by the OCCA was an almost verbatim rendition of Oklahoma Court of Criminal Appeals Rule 2.1E, which correctly stated the standard for seeking an appeal out of time.

cause for the failure to appeal and prejudice resulting therefrom, or (2) that the denial of habeas would result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Mr. Beavers argues that the pending threat of prosecution against his wife was sufficient cause for failing to bring a direct appeal because the charges against her were only dropped after his deadline for bringing the appeal had passed. Interference by officials which makes compliance with a state procedural rule impracticable can rise to the level of cause for failure to act. See Demarset v. Price, 130 F.3d 922, 941 (10th Cir. 1997). However, Mr. Beavers' claim does not comport with the record. First, there is no evidence that the state was prosecuting Mrs. Beavers in bad faith. Second, neither the prosecutor nor any other state official informed Mr. Beavers that his wife would be prosecuted if he did not plead guilty. Rather, as Mr. Beavers stated in affidavit: "My wife was constantly urging me to enter a plea of guilty so she could get the charges against her disposed of . . . ." Aplt. App. at 90. Finally, Mr. Beavers himself previously denied, both orally and in writing, the very allegation he now raises. The following colloquy took place between Mr. Beavers and the court during the entry of plea:

> THE COURT: Do you plead guilty of your own free will and without any coercion or compulsion of any kind?
> THE DEFENDANT: My own free will.

> THE COURT: And without any coercion or compulsion of any kind?
> THE DEFENDANT: Yes.
> THE COURT: Have you been forced, abused, mistreated, threatened or promised anything by anyone to have you enter your plea?
> THE DEFENDANT: No.

Aplt. App. at 107; see also id. at 97 (giving the exact same answers to the same questions in written form). Given these facts, Mr. Beavers has failed to prove cause for his procedural default.

Nor can Mr. Beavers demonstrate that a fundamental miscarriage of justice would occur if his claim is procedurally barred. To meet this test, a criminal defendant must make a colorable showing of factual innocence. See Herrera v. Collins, 506 U.S. 390, 404 (1993). "The exception is intended for those rare situations 'where the State has convicted the wrong person of the crime.... [Or where] it is evident that the law has made a mistake.'" Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (citation omitted). Mr. Beavers does not claim that he is innocent of killing Raymond Matthews. Rather, he claims that he is not guilty of first degree murder because he was intoxicated and acted in self defense. However, these arguments go to legal innocence, as opposed to factual innocence. See id.; see also Brecheen v. Reynolds, 41 F.3d 1343, 1357 (10th Cir. 1994). Having failed to show sufficient reason for his failure to seek direct appeal, Mr. Beavers' claim of involuntary plea based on alleged threats is procedurally barred

and we will not hear it for the first time on habeas.

III.    Ineffective Assistance

A claim of ineffective assistance of counsel is reviewed de novo. See Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998). In Brecheen, this court held that failure to bring an ineffective assistance claim on direct appeal in Oklahoma state court did not procedurally bar federal habeas review of the claim. We subsequently narrowed that holding to allow the state to prove the adequacy of the state procedural bar, i.e. the right to a direct appeal, in vindicating Sixth Amendment interests. See Hooks v. Ward, 184 F.3d 1206, 1213-18 (10th Cir. 1999); English v. Cody, 146 F.3d 1257, 1261-64 (10th Cir. 1998).

Here, the state endorses the district court's conclusion that Mr. Beavers' ineffectiveness claim is procedurally barred because it was not raised in his first application for post-conviction relief. See Aplee. Br. at 13-14. We held in Moore v. Reynolds, 153 F.3d 1086, 1096-97 (10th Cir. 1999), that raising the ineffective assistance claim for the first time in a second application for post-conviction relief was insufficient to preserve a claim for federal review and constitutes independent and adequate state procedural bar. See Medlock v. Ward, 200 F.3d 1314, 1323 (10th Cir. 2000). Thus, a defendant not procedurally barred by the failure to raise an ineffectiveness claim on direct appeal, must ordinarily raise the

claim in his <u>first</u> application for post-conviction relief.

Mr. Beavers did raise an ineffective assistance claim in his February 5 (refiled March 4) application but failed to do so in his April 26 application. Thus, the critical question is whether the February/March application was an application for post-conviction relief. If so, it was the first application and Mr. Beavers' ineffective assistance claim is not procedurally barred.

State procedural rules that bar habeas review of ineffective assistance claims are viewed "with a healthy degree of skepticism." <u>Smallwood v. Gibson</u>, 191 F.3d 1257, 1268 (10th Cir. 1999). Oklahoma Rules specify that a petition for an appeal out of time is an application for post-conviction relief. <u>See</u> Okla. Crim. Rules 2.1E(1). Although not determinative, Mr. Beavers specifically characterized the February/March application as an "Application To Appeal Out Of Time." The critical factor in this inquiry, however, is the manner in which the Oklahoma courts treated the application. In dealing with the 1997 application for post-conviction relief, the Oklahoma district court specifically noted that Mr. Beavers' first application (i.e. the February/March application) was treated "as an application for post-conviction relief and apparently denied by Judge Jackson . . . ." Aplt. App. at 118. This treatment is determinative. Thus, Mr. Beavers' ineffective assistance claim was raised in his first application for post-conviction relief and is not procedurally barred.

The federal district court, however, refused to address the ineffective assistance claim because Mr. Beavers had not alleged the facts underlying his claim in the first application. "Although petitioner raised a generic claim of ineffective assistance of counsel in his first application for post-conviction relief, he provided no factual basis for the trial court to review the effectiveness of counsel. . . . [Therefore] petitioner failed to raise his claims of ineffective assistance of counsel in his first application for post-conviction relief." Aplt. App. at 189-90.

This determination fails to take into consideration the context of the application and how it was handled by the OCCA. Mr. Beavers was seeking an appeal out of time, which would only be granted upon proof that he was denied an appeal through no fault of his own. If the motion were granted, Mr. Beavers would then be required to pursue his direct appeal in the normal course (i.e. by filing a notice of intent to appeal and then briefing his arguments). See Okla. Crim. Rules 2.1E(2). If the motion were denied, he could appeal the denial but must still show that he was without fault. Neither the district court nor the OCCA would rule on the merits of Mr. Beavers' ineffective assistance claim based upon his appeal out of time motion. See Young v. State, 902 P.2d 1089, 1090 n.1 (Okla. Crim. App. 1994); Buchanan v. Page, 451 P.2d 17, 18 (Okla. Crim. App. 1969).

Indeed, that is what happened. In denying Mr. Beavers' "application for post-conviction relief/request for appeal out of time," the OCCA affirmed the district court's denial solely on the basis that "he has not established that his failure to appeal was through no fault of his own, the critical issue to appeal out of time." Aplt. App. at 82. In view of the OCCA's advice to Mr. Beavers' on how to proceed, and its subsequent denial of Mr. Beavers' first postconviction application on the sole and express basis that an appeal out of time was not warranted, it is not outcome determinative that the factual basis for the claim was not specified in the first application. We have not hesitated to allow federal court consideration of an ineffectiveness claim on habeas where a petitioner has been afforded no opportunity to develop the claim. See Stouffer v. Reynolds, No. 99-6327, 2000 WL 728826, * 1, 4 n.2 (10th Cir. June 7, 2000) (rejecting State's exhaustion defense where OCCA declined to accept petitioner's filings). Given our resolution, we need not address whether procedural bar in these circumstances would constitute an independent and adequate state law ground precluding review

of Mr. Beavers' ineffectiveness claims.[2]  We now turn to the merits of the claim.[3]

"[G]ross misadvice concerning parole eligibility can amount to ineffective assistance of counsel."  Sparks v. Sowders, 852 F.2d 882, 885 (6th Cir. 1988).

---

[2]We do note that a post-conviction application confined to the issue of an appeal out of time does not appear to have any factfinding procedure "whereby a petitioner can adequately develop the factual basis of his claims of ineffectiveness." English, 146 F.3d at 1263.  The pertinent inquiry is "the ability to prove [defendant] was denied an appeal through no fault of his/her own." Okla. R. Crim. App. 2.1E(1) (citing Smith v. State, 611 P.2d 276 (Okla. Crim. App. 1980)).

[3]The dissent suggests that Mr. Beavers did not "fairly present" this claim to the state court in his first application.  See 28 U.S.C. § 2254(b)(1)(A) (exhaustion requirement).  A federal claim that is procedurally defaulted on adequate and independent state law grounds has not been properly exhausted, i.e. fairly presented to the state court.  See Edwards v. Carpenter, 120 S. Ct. 1587, 1592 (2000); O'Sullivan v. Boerckel, 526 U.S. 838, 848-49 (1999).  Procedural default protects the integrity of the exhaustion requirement–a petitioner that merely lets the time run on state remedies or presents a federal claim to a state court "in such a manner that the state court could not, consistent with its own procedural rules, have entertained it," has not given the state a fair opportunity to pass on the claims.  Edwards, 120 S. Ct. at 1592.

There is a "strong presumption" in favor of requiring exhaustion of state remedies.  See Castille v. Peoples, 489 U.S. 346, 349 (1989).  "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."  Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam); 28 U.S.C. § 2254(b)(1)(B).  Here, Mr. Beavers presented his federal ineffectiveness claim to the OCCA, though it was not factually developed in the first application. Regardless, it is apparent that a more detailed account of the ineffective assistance claim in the first application would have been futile because the appeal-out-of-time issue is decided on the basis of fault, not on the merits of the claims sought to be advanced.  See Young v. State, 902 P.2d 1089, 1090 n.1 (Okla. Crim. App. 1994); Buchanan v. Page, 451 P.2d 17, 18 (Okla. Crim. App. 1969); see also Bear v. Boone, 173 F.3d 782, 784 (10th Cir. 1999) (invoking futility in exhaustion context).

See also Lucero v. Attorney General, No. 99-1070, 1999 WL 1206658, at *2 (10th Cir. Dec. 16, 1999) (unpublished); Meyers v. Gillis, 93 F.3d 1147, 1153-54 (3d Cir. 1996); James v. Cain, 56 F.3d 662, 667-69 (5th Cir. 1995); United States v. Keller, 902 F.2d 1391, 1394 (9th Cir. 1990); Holmes v. United States, 876 F.2d 1545, 1552 (11th Cir. 1989); O'Tuel v. Osborne, 706 F.2d 498 (4th Cir. 1983); Cepulonis v. Ponte, 699 F.2d 573, 577 (1st Cir. 1983); cf. Worthen v. Meachum, 842 F.2d 1179, 1184 (10th Cir. 1988), overruled on other grounds, Coleman v. Thompson, 501 U.S. 722 (1991) (noting that "a bad guess by his attorney does not render a plea involuntary" but is only involuntary "when the attorney is held to have been constitutionally ineffective."). In order to succeed on a claim of ineffective assistance, Mr. Beavers must establish that his counsel's performance: (1) fell below an objective standard of reasonableness and (2) that he was prejudiced by this performance. See Scoggin v. Kaiser, 186 F.3d 1203, 1206 (10th Cir. 1999).

First, attorney advice which misrepresents the date of parole eligibility by several years can be objectively unreasonable. See O'Tuel, 706 F.2d at 501 (holding that ten year difference in parole dates deprived defendant of effective assistance). Second, Mr. Beavers alleges that he "would not have waived my rights to a jury trial and entered a plea of guilty . . . had I known that it would take twenty-two and one-half (22 ½) years to make parole." Aplt. App. at 90.

- 14 -

This may be sufficient to meet the prejudice requirement. See Hill v. Lockhart, 474 U.S. 52, 59 (1985) (defendant must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

If the facts alleged by Mr. Beavers are true, he would be entitled to relief under 28 U.S.C. § 2254(d)(1). See Miller, 161 F.3d at 1253. Trial counsel admits that he gave incorrect advice and that parole eligibility was an important part of the plea. See Affidavit of Counsel, Aplt. App. at 94-95 ("One of Mr. Beavers' major concerns was the amount of time it would take to make parole on a life sentence. I advised him that it would take ten (10) to twelve (12) years to make parole . . . . I have since learned . . . that my statement to Mr. Beavers was wrong and that it was wrong at the time given."). The crime of first degree malice murder was punishable by either life imprisonment without parole or life imprisonment, thus further highlighting the importance of parole eligibility. As noted, Mr. Beavers contends that he would have insisted on going to trial.

Thus, having pursued but been denied a hearing on this claim in state court, Mr. Beavers is entitled to a hearing. See Miller, 161 F.3d at 1253. Accordingly, we remand this issue to the district court to conduct an evidentiary hearing. See Yordan v. Dugger, 909 F.2d 474, 478-79 (11th Cir. 1990) (remanding for evidentiary hearing); Holmes, 876 F.2d at 1553 (same); Sparks, 852 F.2d at 884

(same); see also United States v. Leonard, No. 91-5021, 1992 WL 232468 (10th Cir. Aug. 28, 1992). If the court determines that Mr. Beavers' factual allegations are uncontested or true and he was denied the effective assistance of counsel, then it must order an appropriate remedy. Oklahoma can either retry Mr. Beavers within a reasonable period of time, or reduce his sentence so as to provide parole eligibility within ten to twelve years. See O'Tuel, 706 F.2d at 501; see also Strader v. Garrison, 611 F.2d 61, 65 (4th Cir. 1979).

Our resolution of Mr. Beavers' ineffective assistance claim as not procedurally barred makes it unnecessary for us to further discuss the import of Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998), on this case.

Accordingly, we AFFIRM the denial of the habeas petition on the claims of misleading advice from the OCCA and involuntary plea based on threat of prosecution, REVERSE on the claim of involuntary plea based on ineffective assistance of counsel, and REMAND for an evidentiary hearing.

No. 99-6154, Beavers v. Saffle

**BALDOCK**, Circuit Judge, dissenting.

Principles of comity and federalism demand that a federal habeas petitioner timely raise his federal constitutional claims in state court with sufficient specificity to allow the state court a fair opportunity to consider those claims in the first instance. E.g., Picard v. Connor, 404 U.S. 270, 278 (1972) (holding that "the substance of a federal habeas corpus claim must first be presented to the state courts."). Provided that an "adequate and independent" state-law procedural basis justifies the habeas petitioner's continuing state detention, a petitioner who fails to timely raise such claims in state court is procedurally barred from subsequently raising those same claims in federal court, unless he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Proper application of these legal principles to the record facts of this case compels the conclusion that Petitioner has procedurally defaulted his claim he received ineffective assistance of trial counsel when, in March 1992, he pled guilty to first degree murder as a result of counsel's advice regarding his parole eligibility. In its haste to reach the merits of Petitioner's ineffective assistance of counsel claim, however, the court foregoes proper application

of these longstanding principles because, according to the court, Petitioner raised this claim in his first application for state post-conviction relief. I disagree, and dissent.[1]

My review of the record reveals that Petitioner's February 5, 1993 "Application to Appeal Out of Time," which the court properly construes as a first application for state post-conviction relief, Court's Op. at 10, failed to "fairly present" his claim of ineffective assistance of counsel *based on counsel's advice regarding Petitioner's parole eligibility*. See Smallwood v. Thompson, 191 F.3d 1257, 1266-69 (10th Cir. 1999), petition for cert. filed (U.S. March 9, 2000) (No. 99-9445) (applying procedural bar where petitioner failed in his first application for state post-conviction relief to provide state courts with the factual basis for his federal ineffective assistance of counsel claim). Nor did Petitioner raise this claim in his second application filed

---

[1] This court has viewed with skepticism Oklahoma's state procedural rule barring ineffective assistance of trial counsel claims not raised on direct appeal. See Miller v. Champion, 161 F.3d 1249, 1252 (10th Cir. 1998). Perhaps this explains why the State does not argue that Petitioner has foregone his right to assert his ineffective assistance claim by failing to raise it on direct appeal. Rather, the State argues procedural default based only on Petitioner's failure to raise this claim in his first application for state post-conviction relief. While the court could address sua sponte the question of Petitioner's possible procedural default resulting from his failure to effect a direct appeal, see Hardiman v. Reynolds, 971 F.2d 500, 502-05 (10th Cir. 1992), it apparently exercises its discretion not to do so. See id. at 504 (holding that a court may raise a state procedural bar defense sua sponte, but need not do so).

April 26, 1993.  <u>See</u> Court's Op. at 10.

After multiple state filings, Petitioner finally raised his present ineffective assistance of counsel claim before the state courts for the first time in March 1997, five years after his guilty plea.  Both the Oklahoma State District Court and Court of Criminal Appeals denied Petitioner's ineffective assistance of counsel claim as procedurally barred.  <u>See</u> Aplt's App. at 114-124.  Because the Oklahoma state courts never had a timely opportunity to consider Petitioner's ineffective assistance of counsel claim, and now deem it procedurally barred, <u>see</u> Okla. Stat. Ann. tit. 22, § 1086 (West 1986), the district court properly held that Petitioner was procedurally barred from raising it in a § 2254 petition.[2]  <u>See</u> <u>Moore v. Reynolds</u>, 153 F.3d 1086, 1096-97 (10th Cir. 1998), <u>cert. denied</u>, 526 U.S. 1025 (1999) (petitioner's failure to raise ineffective assistance of counsel claims until his second application for state post-conviction relief precluded

---

[2]  Because Petitioner eventually raised his present ineffective assistance of counsel claim in the Oklahoma state courts, he has exhausted his state remedies as to this claim as required by 28 U.S.C. § 2254(b)(1)(A).  <u>See</u> <u>Edwards v. Carpenter</u>, 120 S. Ct. 1587, 1592 (2000) (where a petitioner presents his claim to the state court in a manner such that the state court will not reach it under its own procedural rules, petitioner has exhausted his state remedies); <u>Coleman</u>. 501 U.S. at 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him.").  <u>See generally</u> <u>Bailey v. Nagle</u>, 172 F.3d 1299, 1306-07 (11th Cir. 1999) (Carnes, J., concurring) (explaining the related doctrines of exhaustion and procedural bar).

federal habeas review of those claims). See also Medlock v. Ward, 200 F.3d 1314, 1323 (10th Cir. 2000) (recognizing that Oklahoma's procedural rule barring claims not raised in a first state post-conviction petition is independent and adequate).

In his first application submitted February 1993, Petitioner set forth nine "propositions" of error which allegedly entitled him to an appeal out of time. Aplt's App. at 27-28. Proposition eight addresses trial counsel's performance: "The totality of the absence of attorney's performance rendered his assistance totally deficient and the conviction was rendered in violation of the sixth amendment." Id. at 28. Why Petitioner believed counsel's performance was deficient is anybody's guess. The possible reasons are endless and the Oklahoma state courts were not required to surmise what those reasons might be.

A claim is "fairly presented" to the state courts only if a petitioner describes the operative facts and legal theories on which he bases his claim. Otherwise, the state courts have no "fair opportunity" to consider the claim. As Judge Henry recently explained for our court:

> "Fair presentation" of a prisoner's claim to the state courts means that the substance of the claim must be raised there. The prisoner's allegations and supporting evidence must offer the state courts "a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." Therefore, although a habeas petitioner will be allowed to present "'bits of evidence'" to a federal court that were not presented to the state court that first considered his claim, evidence that places the claims in a significantly different

legal posture must first be presented to the state courts.

Demarest v. Price, 130 F.3d 922, 932 (10th Cir. 1997) (citations omitted).

None of Petitioner's arguments in his February 1993 application even remotely refer to trial counsel's improper advice regarding Petitioner's parole eligibility. The only factual references to his trial counsel's performance in the eight page document pertain to counsel's failure to appeal a "question of law" involving non-verbal communications between a husband and wife in the presence of a six-year-old child. On appeal, Petitioner doesn't even argue he raised his claim of ineffective assistance of counsel in his February 1993 application. Nor does he set forth sufficient cause for his default. Instead, he argues a miscarriage of justice would result from our failure to address his claim.[3] Nonetheless, this court sets a dangerous precedent for federal-state relations by concluding sua sponte that Petitioner preserved his claim by raising it in his February 1993 application.

This court dismisses the application's lack of specificity because "[n]either the [Oklahoma] district court nor the OCCA would rule on the

_____

[3] The fundamental miscarriage of justice exception is available only where a petitioner provides the court with a colorable showing of factual innocence. Herrera v. Collins, 506 U.S. 390, 404 (1993). Petitioner makes no such showing in this case.

merits of Mr. Beavers' ineffective assistance claim based upon his appeal out of time motion." Court's Op. at 11. In other words, the court concludes that Petitioner's failure to specify the factual basis of his claim in his first application is of no consequence. Why then does the court require Petitioner to even mention his ineffective assistance of counsel claim in his application at all? Given the court's reasoning, such a requirement appears to be an unnecessary formality.

The court's reasoning is circular. To justify reaching the merits of Petitioner's claim, the court first concludes that Petitioner's application constituted a petition for state post-conviction relief. Then, to avoid application of the "fair presentation" doctrine, the court concludes that the petition's cursory allegations are sufficient because really the petition was an application for an appeal out of time. In this context, the court suggests that "a more detailed factual account of the ineffective assistance claim in the first application would have been futile because the appeal-out-of-time issue is decided on the basis of fault, not on the merits of the claim sought to be advanced." Court's Op. at 13 n.3. If this is so, why does the court require Petitioner to raise an ineffective assistance of counsel claim in his application at all since surely to do so was futile as well?

Based on the foregoing, it is painfully apparent that the question in this

case is not, as this court suggests, whether the Oklahoma state courts would rule on the merits of Petitioner's ineffective assistance of counsel claim, but rather whether Petitioner "fairly presented" his claim to the state courts in a timely manner, thus providing our state brethren a "fair opportunity" to consider it consistent with principles of comity and federalism. Plainly, Oklahoma law required Petitioner to set forth the factual basis for his claim in his February 1993 application. Under Smith v. State, 611 P.2d 276, 277 (Okla. Crim. App. 1980), the proper procedure for Petitioner to seek an appeal out of time was to file an application for post-conviction relief in the state trial court. The form of application for post-conviction relief applicable to Petitioner's case is set forth in Okla. R. Crim. App. 5.4 (West 1986) (superceded by Okla. R. Crim. App. Form 13.11 (West Supp. 2000)). This form plainly required the Petitioner to set forth his ineffective assistance of counsel claim in factual detail.[4]

"Whenever a federal court grants habeas relief to a state prisoner the issuance of the writ exacts great costs to the State's legitimate interests in

---

[4] The court's suggestion that Petitioner had no opportunity to develop his present ineffective assistance of counsel claim in his first application for post conviction relief is incorrect. See Court's Op. at 12. As a basis for his failure to timely appeal his conviction, Petitioner could have easily stated he didn't appeal because his counsel advised him he would be eligible for parol in ten to twelve years, rather than the twenty years he now claims. Petitioner could have just as easily attached his counsel's affidavit in support of his claim. See Aplt's App. at 94-95.

- 7 -

finality." Wood v. Bartholomew, 516 U.S. 1, 8 (1995) (per curiam). The longer the period between trial and retrial, the greater the costs and burdens. Id. Today, this court ignores the "important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them." Coleman, 501 U.S. at 750.

Over eight years after Petitioner pled guilty to first degree murder, this court tells the district court to conduct an evidentiary hearing into Petitioner's ineffective assistance of counsel claim even though an independent and adequate state procedural ground bars Petitioner from pursuing this claim in state court. See Moore, 153 F.3d 1096-97. See also Coleman, 501 U.S. at 732 ("The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases."). "No procedural principle is more familiar [or well established] . . . than that a constitutional right may be forfeited in criminal . . . cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." Yakus v. United States, 321 U.S. 414, 444 (1944).

Because (1) Petitioner failed to fairly present his claim of ineffective assistance of counsel to the Oklahoma state courts in his first application for state post-conviction relief, and (2) the Oklahoma state courts consider Petitioner procedurally barred from raising his claim in a successive application,

- 8 -

he likewise is procedurally barred from asserting that claim in federal court. See Moore, 153 F.3d at 1096-97. The district court got it right the first time. Accordingly, I would affirm the judgment of the district court in all respects.