**Johnny O. ARCHULETA, Petitioner–Appellant,**

v.

**Tim LEMASTER, Warden, Lea County Correctional Facility; Attorney General for the State of New Mexico, Respondents–Appellees.**

No. 01–2242.

United States Court of Appeals, Tenth Circuit.

April 11, 2002.

·Before SEYMOUR, HENRY, and BRISCOE, Circuit Judges.

## ORDER AND JUDGMENT [*]

BRISCOE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th

Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Johnny O. Archuleta, a state prisoner appearing pro se, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. Because he has failed to make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss the appeal.

Archuleta was convicted by a jury in state court of first degree murder, attempted first degree murder, aggravated burglary, intimidation of a witness, tampering with evidence, and felon in possession of a firearm, and was sentenced to life imprisonment plus 24½ years. His convictions were affirmed in his direct appeal on May 8, 1995. He sought state post-conviction relief on March 13, 1997, alleging ineffective assistance of trial counsel. State habeas relief was denied on March 17, 2000, and certiorari was denied on June 5, 2000.

In his § 2254 habeas petition, Archuleta alleged he was denied effective assistance of counsel and he was denied due process because the state court denied his habeas petition "without a meaningful hearing." In its report and recommendation, the magistrate court found that petitioner had "not outlined an alternative trial strategy or shown that counsel's approach to the case was objectively unreasonable," and that the evidence Archuleta sought to present at a hearing "was expert testimony regarding his trial counsel's alleged ineffective performance." Record, Doc. 15 at 5. The district court considered Archuleta's objections to the magistrate's report,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

adopted the findings and the recommended disposition of the magistrate court, and dismissed the habeas action.

On appeal, Archuleta contends (1) the district court erred in finding he failed to show ineffective assistance of trial counsel; (2) the court erred in ruling he was not entitled to a "full and fair state court hearing on the factual issues" raised in his state habeas petition; (3) the court erred in not reviewing the record; and (4) the court erred in not appointing counsel. *Id.,* Doc. 1.

 *Ineffective assistance of counsel claim*— "Reviewing courts should avoid hindsight and second-guessing, and extend deference to counsel's tactical judgments." *Osborn v. Shillinger,* 861 F.2d 612, 625 (10th Cir.1988). The state court denied Archuleta's habeas ineffective assistance claim after concluding it was merely a challenge to counsel's trial strategy. The magistrate court agreed and found that Archuleta had not shown that counsel's approach was "objectively unreasonable" when counsel sought to rebut the state's theory that Archuleta acted out of jealousy and thereby "opened the door" to permit admission of Archuleta's prior conviction. Record, Doc. 15 at 5. We agree that counsel's defense strategy did not rise to the level of ineffective assistance of counsel.

**▪** *Full and fair state hearing claim*— Questions of state procedural law do not give rise to federal habeas claims. *See Beavers v. Saffle,* 216 F.3d 918, 922 (10th Cir.2000). Further, as the magistrate noted, the evidence Archuleta sought to present at the hearing was expert testimony regarding his trial counsel's alleged ineffective performance. The New Mexico Supreme Court has recently rejected such testimony, stating it is "superfluous for expert witnesses to advise a court, whether it is the district court or an appellate court, about the proper application of existing law to the established historical facts and about the ultimate issue of trial counsel's effectiveness." *Lytle v. Jordan,* 130 N.M. 198, 22 P.3d 666, 679–80 (2001).

*Failure to examine record and failure to appoint counsel claims*— Archuleta has failed to explain how an examination of the state record would entitle him to federal habeas relief. Further, he does not have a Sixth Amendment right to appointed counsel in a federal habeas proceeding. *See Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).

Defendant's request for a certificate of appealability is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.