**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 29, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL KENNETH BOWEN,

     Petitioner-Appellant,

v.

STATE OF KANSAS; ROGER
WERHOLTZ, Secretary of
Corrections; JAY SHELTON, Warden,
Norton Correctional Facility;
ATTORNEY GENERAL OF
KANSAS,

     Respondents-Appellees.

No. 08-3022

(D.C. No. 06-CV-3341-WEB)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, SEYMOUR**, and **PORFILIO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is,

therefore, submitted without oral argument.

---

    [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Michael Kenneth Bowen was convicted of four methamphetamine-related offenses under Kansas law. Bowen has now filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, arguing (1) that he did not voluntarily, knowingly, or intelligently waive his right to a jury trial, and (2) ineffective assistance of counsel. The district court addressed both of Bowen's claims on the merits and denied relief. We granted a certificate of appealability ("COA") on the jury trial waiver issue. We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253, and we now vacate the COA as improvidently granted and dismiss the appeal as to all claims.

## I.

On March 5, 1996, officers from the Ness County Sheriff's Office entered a residence in Ness City, Kansas, to serve outstanding arrest warrants on Bowen and his girlfriend, Christine Ridpath. The outstanding arrest warrants were drug-related, but they did not involve methamphetamine.

Upon entering the residence, one of the officers detected an odor of iodine, a chemical commonly used to manufacture methamphetamine. The officers applied for, and received, a search warrant to search the residence for drugs and items used in the process of manufacturing methamphetamine. The search of the residence revealed bulk quantities or empty containers of ephedrine, iodine, lye, paint thinner, acetone, and muriatic acid. All of these chemicals are precursors for the manufacture of methamphetamine. The officers did not discover any red

phosphorus—another precursor—but they did find a large number of matchbooks with the striker plates removed, a common source of red phosphorus for manufacturing methamphetamine. The officers also found a reaction vessel, coffee filters, and a pipe and set of scales with traces of methamphetamine on them. A book called "Secrets of Methamphetamine Manufacture," and a diary describing the preparation of a batch of methamphetamine, were likewise discovered at the residence. The residence was located within 1000 feet of a public school in Ness City.

In a seven-count criminal complaint, Bowen was charged in Kansas state court with various methamphetamine-related offenses. After a joint trial of Bowen and Ridpath as to four of the counts, a jury convicted Bowen of manufacturing methamphetamine within 1000 feet of a school, in violation of Kan. Stat. Ann. § 65-4159 (Count 1); possession of methamphetamine within 1000 feet of a school, in violation of Kan. Stat. Ann. § 65-4160 (Count 2); conspiracy to manufacture, or to assist in manufacturing, methamphetamine within 1000 feet of a school, in violation of Kan. Stat. Ann. §§ 21-3302, 65-4159 (Count 3); and possession of drug paraphernalia, in violation of Kan. Stat. Ann. § 65-4152 (Count 4). Bowen was sentenced to a total of 330 months' imprisonment.

Bowen appealed his conviction to the Kansas Court of Appeals, arguing that his trial counsel was constitutionally ineffective. The Kansas Court of

Appeals remanded the case to the trial court for an evidentiary hearing to determine whether Bowen had received ineffective assistance of counsel. The trial court denied relief, concluding that Bowen had failed to establish that his trial counsel's performance was constitutionally ineffective. Bowen again appealed, and the Kansas Court of Appeals determined that Bowen's trial counsel had been constitutionally ineffective because counsel's joint representation of Bowen and Ridpath created a conflict of interest. See State v. Bowen, 999 P.2d 286, 292-94 (Kan. Ct. App. 2000). The Kansas Court of Appeals reversed Bowen's conviction and remanded for a new trial. Id. at 294.

Bowen was appointed new counsel, and the case was set for a second trial. Prior to trial, Bowen's counsel reached a procedural agreement with the Ness County Attorney. The agreement provided that Bowen would give up his right to a jury trial, and the trial court would conduct a bench trial on stipulated facts—specifically, the trial transcript and evidence presented at the first trial, minus Bowen's testimony. Bowen would still retain the right to testify in his own defense, if he so desired. In return, the Ness County Attorney agreed to leave Bowen on bond until the completion of the state appellate process. At a hearing on January 12, 2001, after Bowen's counsel recited the terms of the agreement on the record, the following exchange occurred:

> [BOWEN'S COUNSEL]: I believe Mr. Bowen understands that he has a right to a jury trial, a right to have this determined by jurors, which he would

-4-

in fact [be] giving up, and you would have to try both the facts and the law in this matter.

Obviously, I told Mr. Bowen and I believe the law to be that were he to do that, [he would] not [be] giving up his rights to appeal, and to follow the -- you know, to go through the appellate process as far as it goes.

I suppose the Court had other questions of Mr. Bowen and if the Court needs to ask those.

\* \* \*

THE COURT: Mr. Bowen, I'm sure you heard the conversation your attorney has had with the Court and with the prosecutor -- the County Attorney?

MR. BOWEN: Uh-huh.

THE COURT: And you understand what [your attorney] is saying?

MR. BOWEN: Yes.

THE COURT: He's saying that we're going to take the trial transcript of the first trial and that would be the stipulated facts that would be presented to the Court. The only thing that would be redacted or taken [away] from that would be your testimony.

You understand that? So that everything else that went in at that trial, the way I understand, would be everything but your testimony at that

-5-

trial.

01/12/01 Hearing, ROA at F38-F39.

On February 1, 2001, the trial court reiterated the terms of the parties' procedural agreement. The parties then stipulated to the testimony and other evidence presented at the first trial—with the exception of Bowen's testimony. Bowen was given the opportunity, but chose not to testify. Both parties presented closing arguments, and the trial court found Bowen guilty of the same four counts. The trial court sentenced Bowen to 318 months' imprisonment.

Bowen again appealed his conviction to the Kansas Court of Appeals. The same counsel who had represented him at the second trial also represented him on appeal. Bowen argued that (1) the trial court erred in failing to suppress evidence obtained pursuant to a search warrant; (2) the trial court erred in refusing to conduct a new preliminary examination; (3) the evidence was insufficient to support his conviction; and (4) Bowen and Ridpath were not afforded equal plea agreement opportunities. The Kansas Court of Appeals rejected Bowen's arguments and affirmed his conviction, see State v. Bowen, No. 86-963, slip op. 1-7 (Kan. Ct. App. Feb. 28, 2003), and the Kansas Supreme Court denied review.

Bowen then filed a state habeas motion in Kansas state court, pursuant to Kan. Stat. Ann. § 60-1507. Bowen was represented by new counsel, and he raised four issues: (1) ineffective assistance of counsel; (2) denial of his right to a jury trial; (3) denial of his right to confront witnesses; and (4) the illegality of his

sentence under <u>State v. McAdam</u>, 83 P.3d 161 (Kan. 2004). At an evidentiary hearing, Bowen testified that he had never discussed or agreed to the waiver of his right to a jury trial. He testified that he never intended to waive his right to a jury trial, never signed any document waiving his right to a jury trial, and never told the trial court that he waived his right to a jury trial. Bowen admitted that he had been present at the hearing on January 12, 2001, but he stated that he had not understood what was happening at the time. He also testified that he did not remember his attorney stating the terms of the procedural agreement. Finally, Bowen stated that he had wanted to appeal the jury trial issue on direct appeal, but his trial counsel continued to represent him on direct appeal and refused to raise the issue.

The court denied Bowen's state habeas motion, and the Kansas Court of Appeals affirmed. The Kansas Court of Appeals held that Bowen's second argument—denial of his right to a jury trial—alleged a "trial error." Bowen had not raised this trial error in his direct appeal, and the court refused to consider it on habeas. <u>See</u> <u>Bowen v. State</u>, No. 93-894, 2006 WL 2043021 (Kan. Ct. App. July 1, 2006). The Kansas Supreme Court denied review.

On December 11, 2006, Bowen filed a petition for writ of habeas corpus in federal court under 28 U.S.C. § 2254. He raised two issues: (1) he did not voluntarily, knowingly, or intelligently waive his right to a jury trial, and (2) ineffective assistance of counsel. The government responded, arguing that (1)

Bowen had procedurally defaulted on the jury trial waiver issue, and (2) Bowen had failed to show ineffective assistance of counsel. The district court first concluded that Bowen had exhausted both issues in state court. Then, the district court denied Bowen's claims on the merits, holding that (1) Bowen's waiver of his right to a jury trial was knowing, voluntary, and intelligent, and (2) Bowen had failed to show ineffective assistance of counsel. The district court denied Bowen a COA under 28 U.S.C. § 2253.

Bowen appealed, and on April 11, 2008, we issued a COA on the following issue:

> Whether Mr. Bowen's waiver of his right to a jury trial was knowing, voluntary, and intelligent.

04/11/08 Order at 1. The government filed a response brief, again arguing that Bowen procedurally defaulted on the jury trial waiver issue. Alternatively, the government contends that Bowen's decision to waive his right to a jury trial was knowing, voluntary, and intelligent. Bowen has not filed a reply brief.

## II.

Bowen has procedurally defaulted on the issue of whether the waiver of his right to a jury trial was knowing, voluntary, and intelligent, and he has not shown "cause and prejudice" sufficient to excuse the default. "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an

opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). "The procedural default doctrine and its attendant 'cause and prejudice' standard are grounded in concerns of comity and federalism, and apply alike whether the default in question occurred at trial, on appeal, or on state collateral attack." Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (citations and some internal quotation marks omitted).

Bowen failed to raise the jury trial waiver issue on direct appeal from his second trial. When he later attempted to raise the issue in his state habeas motion, the Kansas Court of Appeals refused to consider it, citing Kan. Sup. Ct. R. 183(c)(3).[1] Bowen's failure to comply with Rule 183(c)(3) was an independent

---

[1] Rule 183(c)(3) provides:

[A] proceeding under [Kan. Stat. Ann. § 60-1507] cannot ordinarily be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors are to be

(continued...)

-9-

and adequate basis on which the Kansas Court of Appeals could reject Bowen's claim. See Love v. Roberts, 259 F. App'x 58, 60 (10th Cir. 2007) (unpublished) (finding a procedural default where the defendant failed to comply with Rule 183(c)(3)); Nash v. McKune, 44 F. App'x 378, 382-84 (10th Cir. 2002) (unpublished) (same).

Further, Bowen cannot show "cause and prejudice" for his failure to raise the jury trial waiver issue on direct appeal in Kansas state court.[2] Bowen argues that he has established "cause" for the procedural default because "his appellate and trial counsel were the same," creating "a conflict of interest" that precluded appellate counsel from "appeal[ing] or challeng[ing] his acts as trial counsel." Opening Br. at 7. As the government notes, Bowen's argument here appears to be "that appellate counsel was ineffective." Gov't Br. at 12-13.

In Edwards, 529 U.S. at 451, the Supreme Court acknowledged that,

[1](...continued)
corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided there were exceptional circumstances excusing the failure to appeal.

Kan. Sup. Ct. R. 183(c)(3).

[2] Bowen has not argued that we should excuse his procedural default because "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Nor could he. To satisfy the "fundamental miscarriage of justice" exception, "a criminal defendant must make a colorable showing of factual innocence." Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000). A cursory review of the record indicates that Bowen is not factually innocent of the crimes for which he was convicted.

-10-

"[a]lthough we have not identified with precision exactly what constitutes 'cause' to excuse a procedural default, we have acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice." For ineffective assistance of counsel to constitute "cause," however, "the assistance must have been so ineffective as to violate the Federal Constitution"—i.e., "ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim." Id. (emphasis omitted). As a result, an ineffective assistance of counsel claim must itself "'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" Id. at 452 (quoting Murray v. Carrier, 477 U.S. 478, 489 (1986)). If the ineffective assistance of counsel claim is procedurally defaulted, it cannot be used to establish "cause" excusing procedural default of the other constitutional claim, unless the defendant has also established "cause" excusing default of the ineffective assistance of counsel claim. Id. at 453; see also Spears v. Mullin, 343 F.3d 1215, 1256 (10th Cir. 2003); Johnson v. Gibson, 254 F.3d 1155, 1159-60 (10th Cir. 2001).

Bowen raised an ineffective assistance of counsel claim in his state habeas motion, but the claim did not encompass his counsel's failure to challenge the jury trial waiver on direct appeal. Nor has Bowen attempted to show "cause" for his failure to raise this ineffective assistance of counsel claim in Kansas state

-11-

court.  Bowen, therefore, cannot establish "cause" excusing his procedural default on the issue of whether the waiver of his right to a jury trial was knowing, voluntary, and intelligent.  See Edwards, 529 U.S. at 451-53.

III.

Finding that Bowen has procedurally defaulted on the issue of whether the waiver of his right to a jury trial was knowing, voluntary, and intelligent, we withdraw the prior grant of COA as improvidently granted.  We likewise conclude, for the same reasons as the district court, that Bowen has not made the necessary showing for the issuance of a COA as to his ineffective assistance of counsel claim.  Accordingly, we VACATE this court's grant of COA as to the jury trial waiver claim, DENY the application for a COA as to the ineffective assistance of counsel claim, and DISMISS the appeal as to all claims raised by Bowen.

Entered for the Court

Mary Beck Briscoe
Circuit Judge