**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 22, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

JAMES E. FRANTZ,

    Petitioner - Appellant,

v.

ANDRE STANCIL, Executive Director
Colorado Department of Corrections; THE
ATTORNEY GENERAL OF THE STATE
OF COLORADO,

    Respondents - Appellees.

No. 24-1471
(D.C. No. 1:24-CV-00799-LTB-RTG)
(D. Colo.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **MATHESON**, **CARSON**, and **FEDERICO**, Circuit Judges.
_____

James Frantz, a Colorado prisoner proceeding pro se,[1] requests a certificate of

appealability ("COA") to appeal the district court's dismissal of his petition under

28 U.S.C. § 2254.  We deny a COA and dismiss this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Frantz proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." _Garrett v. Selby Connor Maddux & Janer_, 425 F.3d 836, 840 (10th Cir. 2005).

## I.  BACKGROUND

A jury convicted Mr. Frantz of sexual assault on a child and of child abuse resulting in serious bodily injury.  The victim, Mr. Frantz's son, testified that his father sexually and physically abused him multiple times.  The child abuse conviction stemmed from Mr. Frantz, then a licensed physician, "using an inverted can of readily available keyboard cleaner (instead of liquid nitrogen) to freeze a wart on his son's wrist, causing a second degree burn, swelling, blistering, and scarring."  R. at 175–76.

The state district court sentenced Mr. Frantz to concurrent prison terms of 12 years to life on the sexual assault conviction and 10 years to life on the child abuse conviction. The Colorado Court of Appeals affirmed on direct appeal, and the Colorado Supreme Court denied certiorari.  The state district court denied Mr. Frantz's petitions for postconviction relief, the Colorado Court of Appeals affirmed the denials, and the Colorado Supreme Court denied certiorari.

Mr. Frantz next filed a § 2254 petition.  A magistrate judge recommended dismissal of the petition as untimely under 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations, which runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2241(d)(1)(A).  The magistrate judge calculated that Mr. Franz's "conviction became final on March 5, 2018."  R. at 293.  Accounting for periods in which the limitations period was tolled due to sentence reconsideration motions and appeals, the magistrate judge calculated the filing deadline had finally expired on August 12, 2019, making the petition over four years late.  *See id.*

Mr. Frantz sought to overcome his late filing by alleging "Actual Innocence," R. at 8. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* . . ., or . . . expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare[.]"). But he did not support his claim with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," which is required for an actual innocence claim "[t]o be credible." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) (rejecting actual innocence claim based on "arguments [that] go to legal innocence, as opposed to factual innocence"). The magistrate judge therefore concluded Mr. Frantz had not excused the petition's untimeliness.

The district court adopted the magistrate judge's recommendation, overruled Mr. Frantz's objections, and dismissed the petition as untimely. This COA application followed.

## II. **DISCUSSION**

Because the district court dismissed Mr. Frantz's petition as untimely, to obtain a COA he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000). He has not done the latter. *See id.* at 485 (stating a court may deny a COA on a procedural ground without reaching the constitutional issue).

Mr. Frantz has not argued he is actually innocent of sexual abuse. On child abuse, he argues that using keyboard cleaner for the wart removal was lawful under the Colorado Medical Practice Act, *see* Colo. Rev. Stat. § 12-240-117. But as the magistrate judge said, "[H]ow to properly apply the Colorado Medical Practice Act is a legal argument, not a factual showing." R. at 297. A claim of actual innocence must be based on new evidence suggesting "factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, (1998). And without new evidence, "even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316.

## III. CONCLUSION

Reasonable jurists would not debate the district court's dismissal of Mr. Frantz's § 2254 petition as untimely. We deny a COA.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

4