**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 31, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LEQUILLESS A. GAINES,

      Petitioner-Appellant,

v.

RANDALL G. WORKMAN, Warden,

      Respondent-Appellee.

No. 08-6234

(D.C. No. CV-08-658-F)
(W. D. Oklahoma)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

---

Lequilless Gaines, an Oklahoma state prisoner appearing pro se,[1] seeks a

certificate of appealability ("COA") in order to challenge the district court's

denial of his 28 U.S.C. § 2254 application for federal habeas relief. Because

Gaines has failed to satisfy the standards for the issuance of a COA, we deny his

request and dismiss the matter.

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

[1] As he is proceeding pro se, we have construed Gaines' pleadings liberally.
Cannon v. Mullin, 383 F.3d 1152, 1160 (10th Cir. 2004).

I.

Gaines was tried by jury and found guilty of: Count 1, Assault and Battery with a Dangerous Weapon, After Former Conviction of Three Felonies, in violation of Okla. Stat. tit. 21, § 645; Counts 2 and 5, Domestic Abuse, in violation of Okla. Stat. tit. 21, § 644(C); and Count 4, Burglary in the First Degree, After Former Conviction of Three Felonies, in violation of Okla. Stat. tit. 21, § 1431. Gaines was acquitted by the jury of: Count 3, Kidnapping; and Count 6, Possession of a Controlled Dangerous Substance (Marijuana). Gaines was sentenced to 20 years' imprisonment on Count 1, 1 year imprisonment on Counts 2 and 5, and 23 years' imprisonment on Count 4, to be served consecutively. Gaines was also fined $1000 on Counts 2 and 5.[2]

On direct appeal, Gaines claimed: (1) ineffective assistance of trial counsel; (2) error from the trial court's failure to sua sponte give a self-defense jury instruction; (3) abuse of discretion by the trial court for ordering his sentences to run consecutively; (4) his sentences were excessive; (5) prosecutorial misconduct; and (6) cumulative error. The Oklahoma Court of Criminal Appeals affirmed Gaines' convictions and sentences, except for vacating the fines imposed by the

---

[2] Gaines' jury trial was the result of the consolidation of separately charged informations. The first information charged that Gaines whipped his victim with a belt on March 30, 2004. It was later amended to charge that the alleged felony assault and battery had been committed after three felony offenses. The second information alleged actions involving the same victim but on a different date, April 11, 2004.

trial court for Gaines' sentence on Counts 2 and 5 because they were against the jury's recommendation. Gaines v. Oklahoma, No. F-2005-213 (Okla. Crim. App. May 10, 2007).

In connection with his direct appeal, Gaines moved to supplement the record and requested remand for an evidentiary hearing concerning Gaines' trial counsel's failure to record voir dire and remove a juror. The Oklahoma Court of Criminal Appeals remanded the matter to the state district court for findings of fact and conclusions of law with respect to whether a transcription of voir dire was available. The state district court responded that voir dire was not requested and was not reported and therefore could not be transcribed.

After the Oklahoma Court of Criminal Appeals' decision on Gaines' direct appeal, Gaines filed a state court application for post-conviction relief, in which he raised the following claims: (1) insufficiency of the evidence; (2) failure to properly allege the crimes charged; (3) tainted jury panel; (4) prosecutorial misconduct; and (5) ineffective assistance of trial and appellate counsel for failure to adequately and properly raise these issues. The Oklahoma Court of Criminal Appeals affirmed the state district court's denial of Gaines' application for state post-conviction relief. Gaines v. Oklahoma, No. PC 2008-276 (Okla. Crim. App. May 20, 2008).

Before the federal district court, Gaines raised the following claims for relief in his petition: (1) the information charging him under Counts 1, 2, 4, and 5

3

did not allege every essential element of the crime charged and his convictions on these counts were not supported by sufficient evidence; (2) ineffective assistance of trial counsel for his trial counsel's failure to remove a member of the jury panel during voir dire; (3) ineffective assistance of appellate counsel for failing to pursue his claim regarding the allegedly objectionable juror; and (4) prosecutor misconduct during closing arguments. The district court adopted the report and recommendation of the magistrate judge and denied Gaines' petition.

Gaines has since filed a timely notice of appeal, as well as an application for a COA.

## II.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted).

4

## III.

Gaines seeks a COA with respect to the four issues raised in his federal habeas petition. For the reasons that follow, we conclude that he has failed to satisfy the standards for issuance of a COA with respect to any of these issues.

*Sufficiency of the Charge/Evidence*

Gaines has procedurally defaulted on his claim that the charging information was insufficient and that the jury verdict was supported by insufficient evidence, and he has not shown "cause and prejudice" sufficient to excuse his default. "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). "The procedural default doctrine and its attendant 'cause and prejudice' standard are grounded in concerns of comity and federalism, and apply alike whether the

5

default in question occurred at trial, on appeal, or on state collateral attack."

Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (internal citations and some internal quotations omitted).

Gaines failed to raise the sufficiency of the charge/evidence issue on direct appeal from his trial. When he later attempted to raise the issue in his state habeas motion, the Oklahoma Court of Criminal Appeals refused to consider it, citing Oklahoma procedural default case law. Gaines' failure to comply with Oklahoma's procedural rules for making these claims was an independent and adequate basis on which the Oklahoma Court of Criminal Appeals could reject Gaines' claims.

Further, Gaines cannot show "cause and prejudice" for his failure to raise the sufficiency of the charge/evidence issue on direct appeal in Oklahoma state court. Gaines argues that he has established "cause" for the procedural default because his appellate counsel was ineffective. In Edwards, 529 U.S. at 451, the Supreme Court acknowledged that, "[a]lthough we have not identified with precision exactly what constitutes 'cause' to excuse a procedural default, we have acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice." For ineffective assistance of counsel to constitute "cause," however, "the assistance must have been so ineffective as to violate the Federal Constitution"—i.e., "ineffective assistance adequate to establish cause for the procedural default of

6

some other constitutional claim is itself an independent constitutional claim." Id. (emphasis omitted).

Gaines raised an ineffective assistance of counsel claim in his state habeas motion, which the Oklahoma Court of Criminal Appeals rejected. Like the district court, we find, however, that the Oklahoma Court of Criminal Appeals' rejection of Gaines' claim of ineffective assistance of appellate counsel due to his appellate counsel's failure to raise the sufficiency of the charge/evidence claim was not contrary to or an unreasonable application of Strickland v. Washington, 446 U.S. 668 (1984).

Gaines also argues that we should excuse his procedural default because "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. To satisfy the "fundamental miscarriage of justice" exception, "a criminal defendant must make a colorable showing of factual innocence." Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000). A cursory review of the record indicates that Gaines is not factually innocent of the crimes for which he was convicted.

After reviewing the record on appeal, we conclude Gaines has failed to establish that this claim should have been resolved in a different manner or that the claim "deserve[s] encouragement to proceed further." Slack, 529 U.S. at 484. Thus, he is not entitled to a COA with respect to this claim.

7

*Ineffective Assistance of Trial Counsel*

Next, Gaines argues that he received ineffective assistance of trial counsel because his trial counsel "allowed an objectionable juror to remain on the jury whose mother was a victim of consistent domestic abuse and assault, the same identical crimes charged, that petitioner was tried and convicted of . . .," Petition at 4, and because his trial counsel "failed to request and/or insure that voir dire proceedings were recorded," Opening Br. at 7.  Because the Oklahoma Court of Criminal Appeals addressed this claim on the merits in affirming the denial of post-conviction relief, Gaines can only prevail on this claim in this federal habeas proceeding if he can demonstrate that the state court's ruling was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d)(1), (2).

Claims of ineffective assistance of counsel are governed by the Supreme Court's decision in Strickland v. Washington.  To support such a claim, a defendant must show that his attorney's performance "'fell below an objective standard of reasonableness' and that the unreasonably deficient performance resulted in prejudice."  Lucero v. Kerby, 133 F.3d 1299, 1323 (10th Cir. 1998) (quoting Strickland, 466 U.S. at 688, 691-92).

The district court concluded that the Oklahoma Court of Criminal Appeals,

in rejecting Gaines' ineffective assistance claims, reasonably applied the Strickland standard. More specifically, the district court agreed with the Oklahoma Court of Criminal Appeals that Gaines had failed to demonstrate any reasonable probability that the outcome of his trial would have been different but for his counsel's conduct. After examining the record on appeal, we conclude that Gaines has not demonstrated that "reasonable jurists could debate whether" his ineffective assistance of trial counsel claims "should have been resolved in a different manner or . . . were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484.

*Ineffective Assistance of Appellate Counsel*

Gaines also argues that he received ineffective assistance of appellate counsel because his appellate counsel failed to develop the evidentiary record for the Oklahoma Court of Criminal Appeals' remand to the state district court for findings of fact and conclusions of law with respect to whether a transcription of voir dire was available. Because the Oklahoma Court of Criminal Appeals considered Gaines' claims of ineffective assistance of appellate counsel on the merits and applied the proper standard articulated in Strickland,[3] we will

---

[3] Ineffective assistance of appellate counsel claims are judged by the same Strickland standard as ineffective assistance of trial counsel claims. To prevail on an ineffective assistance of appellate counsel claim, a petitioner must demonstrate that his appellate counsel's performance was deficient and prejudiced his defense. 466 U.S. at 687. Appellate counsel's representation must fall below "an objective standard of reasonableness." Id. at 688.

9

determine whether the Oklahoma Court of Criminal Appeals' decision was contrary to or an unreasonable application of clearly established federal law.

Reasonable jurists would not dispute that the district court was correct that the Oklahoma Court of Criminal Appeals' rejection of Gaines' ineffective assistance of appellate counsel claim was not contrary to, or involved an unreasonable application of, clearly established Federal law. As the district court correctly noted, Gaines was not prejudiced by his appellate counsel's failure to call witnesses in connection with the remand, because the remand order did not contemplate an evidentiary hearing and the Oklahoma Court of Criminal Appeals denied Gaines' request for an evidentiary hearing on his claim of juror bias. As a result, Gaines has failed to establish that he is entitled to a COA on this claim.

*Prosecutorial Misconduct*

Finally, Gaines argues that prosecutorial misconduct deprived him of due process and a fair trial, based on the prosecutor's comments during closing arguments. Gaines raised the same claim of prosecutorial misconduct in his direct appeal. We apply the standard articulated in Donnelly v. DeChristoforo, 416 U.S. 637 (1974), to claims of prosecutorial misconduct when a petitioner does not allege the prosecutor's argument directly affected a specific constitutional right. Under Donnelly, habeas relief is available for prosecutorial misconduct only when the misconduct is so egregious that it renders the entire trial fundamentally unfair. 416 U.S. at 642-48.

10

The district court found that the Oklahoma Court of Criminal Appeals correctly rejected Gaines' prosecutorial misconduct claim based on its finding that the referenced portion of the prosecutor's closing argument was based on reasonable inferences from the evidence and was fair comment on victim bias. After examining the record on appeal, we agree with the district court, and conclude that Gaines is not entitled to a COA on this claim.

IV.

After carefully reviewing Gaines' appellate pleadings and the record on appeal, we conclude he has failed to establish that "reasonable jurists could debate whether" his habeas petition "should have been resolved in a different manner or . . . w[as] adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484.

We therefore DENY Gaines' request for a COA and DISMISS the matter.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

11