FILED
United States Court of Appeals
Tenth Circuit

December 23, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEROY E. VALDEZ,

      Petitioner-Appellant,

v.

SUSAN JONES, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 10-1459

(D.C. No. 1:09-CV-00344-CMA)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

Petitioner Leroy Valdez seeks a Certificate of Appealability (COA)

pursuant to 28 U.S.C. § 2253 in order to challenge the district court's dismissal of

his 28 U.S.C. § 2254 petition for a writ of habeas corpus. The district court

determined that certain of Valdez's claims were procedurally barred and denied

the remainder of Valdez's claims on the merits. Because Valdez has not made the

required showing for a COA to issue, his application for a COA is denied.

---

    [*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

On September 19, 1998, a neighbor called police after she heard loud noises coming from another apartment. The apartment belonged to Lorenza Juarez, who was away on vacation at the time. When police arrived, they found Valdez and another man in Juarez's apartment. The door had been broken and the apartment appeared to have been ransacked. Valdez was arrested. As he was searched incident to arrest, a police officer found bags of what appeared to be drugs in Valdez's sock. A field test of one of the bags indicated the substance was cocaine.

Valdez initially told police that he was a friend of Juarez's, and that she had asked him to look after the apartment while she was away. He claimed that he went to the apartment to investigate a neighbor's report that it had been broken into. Later, he changed his story and confessed that he had broken into the apartment to look for money he thought Juarez and her boyfriend had hidden. He also stated that he found the bags in the apartment, and admitted they contained cocaine. A police officer testified that Valdez was advised of his Miranda rights prior to the interview during which he confessed. However, Valdez maintains that he was not advised of his Miranda rights until after he confessed.

Valdez was charged by the State of Colorado (the State) with one count of criminal mischief, one count of burglary of a dwelling, and one count of possession of a controlled substance. The State also filed habitual criminal

charges.[1]

Valdez was represented through trial by Kevin Flesch. Prior to trial, the police had obtained a statement from Juarez that Valdez did not have permission to be in her apartment. However, when the trial was to commence, neither the State nor the defense could locate Juarez. In subsequent post-conviction proceedings, the trial court determined that Flesch encouraged Valdez to make Juarez unavailable for trial because Flesch told Valdez that the State would not be able to prove its case without her. Juarez's prior statement to police was not introduced at trial. Valdez testified on his own behalf, and stated that he had Juarez's permission to be in the apartment. The jury found Valdez guilty on the burglary, mischief, and possession counts. The court adjudged Valdez an habitual criminal and, pursuant to those enhancements, sentenced him to forty-eight years' imprisonment on the burglary count and twenty-four years' imprisonment on both the mischief and possession counts, to run concurrently with the burglary sentence.

Valdez filed a motion for a new trial based on newly discovered evidence and tendered an affidavit from Juarez. In this affidavit, Juarez stated that her prior statement was the result of police intimidation, and that she really had asked Valdez to keep an eye on her apartment but she had not thought to give him a key.

---

[1] The Colorado habitual criminal statute enhances the penalties for certain repeat criminal offenders.

The trial court denied the motion for new trial.

Valdez appealed.[2] The Colorado Court of Appeals affirmed his convictions, and the Colorado Supreme Court denied Valdez's petition for Writ of Certiorari. Valdez then filed a pro se motion for post-conviction relief pursuant to Colo. R. Crim. P. 35. He raised three claims: his conviction was predicated on an unconstitutionally obtained confession; he received ineffective assistance of counsel; and a jury should have made the habitual criminal determination, not a judge. The trial court dismissed the confession and habitual criminal claims, finding that those issues were resolved on direct appeal. After an evidentiary hearing, the trial court vacated Valdez's convictions on the burglary and mischief charges because of ineffective assistance of counsel, but left the possession conviction intact. The court found that Valdez had not demonstrated prejudice from Flesch's performance on the possession charge.

Both Valdez and the State appealed. The Colorado Court of Appeals affirmed the trial court's decision and did not reach the merits of Valdez's cross-appeal. The Colorado Supreme Court denied Valdez's petition for a Writ of Certiorari. The State elected not to re-try Valdez on the burglary and mischief charges. Valdez then filed a pro se "Motion to Dismiss Possession Count

---

[2] Per Valdez's initial request, the Colorado Court of Appeals appointed counsel. Valdez successfully moved for the discharge of his first appointed counsel, and unsuccessfully moved to discharge his second appointed appellate counsel.

4

Forthwith" in the trial court. The trial court denied this motion "as successive, groundless and frivolous." Valdez is currently serving his twenty-four year sentence for the possession conviction.

Valdez filed a § 2254 petition in the district court and then filed an amended petition. In the amended petition, he asserts the following claims:

<u>Claim One:</u> the evidence on the possession charge should have been suppressed because the police lacked probable cause to arrest and/or search Valdez;

<u>Claim Two:</u> Valdez's confession was not admissible because he was not advised of his <u>Miranda</u> rights prior to his confession;

<u>Claim Three:</u> Valdez received ineffective assistance of counsel on the possession charge, and he was denied his right of self-representation in post-conviction proceedings;

<u>Claim Four:</u> Valdez's Eighth Amendment rights were violated because he is incarcerated on a conviction that "has been reversed on the grounds of ineffective asst. of counsel . . .";

<u>Claim Five:</u> Valdez's Due Process and Equal Protection rights were violated because there was "no probable cause warranting trial," the evidence was insufficient to sustain a conviction, and the court was biased against him during post-conviction proceedings.

ROA, Vol. 1 at 97-112. The district court dismissed claims one, four, and five

and part of claim three as unexhausted and procedurally barred.  It dismissed Valdez's remaining claims on the merits.

## II

A petitioner must obtain a COA in order to appeal a district court's denial of a § 2254 petition.  28 U.S.C. § 2253(c)(1)(A).  A COA may be issued only upon a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When the district court denies a habeas petition on the merits, a COA may issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  When the district court denies a habeas petition on procedural grounds and does not reach the prisoner's underlying constitutional claims, a COA may issue only when "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.  We incorporate the Antiterrorism and Effective Death Penalty Act's (AEDPA) deferential treatment of state court decisions into our consideration of a request for a COA.  Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004).

Under AEDPA, a petitioner is not entitled to habeas relief unless he or she can establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

6

Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). We presume that state court findings of fact are correct, absent clear and convincing evidence to the contrary. 28 U.S.C. 2254(e). If the state court did not address the merits of a claim, we review "the district court's resolution of that ground for relief de novo . . . ." Romano v. Gibson, 239 F.3d 1156, 1163-64 (10th Cir. 2001).

A state prisoner seeking federal habeas relief must first exhaust available state court remedies by raising the substance of his or her claims in state court and invoking one complete round of the state's appellate review process. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 845 (1999). If a claim is procedurally defaulted in state court, a federal court may not consider that claim unless the petitioner can demonstrate cause and prejudice or that the failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

### III

Based on our independent review of the record and construing Valdez's pro se pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we conclude that Valdez has not demonstrated that reasonable jurists would debate whether his petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural rulings. Therefore, we

deny Valdez's application for a COA.  We discuss each of Valdez's claims below.

*Claim One: Illegal Search*

The district court dismissed this claim as procedurally barred.  Valdez argues that he presented his Fourth Amendment claim to the Colorado courts in a post-trial motion for acquittal after the verdict.  This is true.  However, Valdez did not appeal the denial of this motion, nor did he otherwise advance the substance of his Fourth Amendment argument on direct appeal.  Therefore, he did not exhaust this claim and it is procedurally defaulted.[3]

Valdez argues that all of his procedural defaults should be excused because he received ineffective assistance of counsel.  However, after trial, Valdez was no longer represented by Flesch.  He has made no claim that his appellate counsel was ineffective.  He has not shown cause for his procedural default, nor has he made a colorable showing of factual innocence.  See Beavers v. Saffle, 216 F.3d 918, 922-23 (10th Cir. 2000).

*Claim Two: Miranda Violation*

The Colorado courts resolved this claim on the merits.  The trial court did not credit Valdez's version of events.  Rather, it credited the police officer's testimony that Valdez was advised of his rights and signed a waiver before he confessed.  ROA, Vol. 1 at 23.  Under AEDPA, Valdez must show by clear and

---

[3] The district court did not err by denying Valdez's request to return to state court to exhaust this or any of his other procedurally defaulted claims.

8

convincing evidence that this factual determination is incorrect. 28 U.S.C. 2254(e). He presents the following evidence: his Waiver of Rights form signed at 6:10 am; a police report noting the cocaine field test with a time stamp of "[0525 hrs]" and noting Valdez's execution of the waiver with a time stamp of "[cont.];" and a police officer's trial testimony that the waiver was signed "shortly thereafter 5:25. The exact time would be on the advisement form." The officer also testified that Valdez signed the waiver form prior to the interview. ROA, Vol. 1 at 16-18. The fact that the testifying police officer could not recall the exact time the advisement form was signed is not clear and convincing evidence that it was signed after the interview. Further, the time stamps on the police report are not clear and convincing evidence that the form was signed after the interview; the report shows only that both the interview and the waiver occurred after 5:25 a.m. Valdez is not entitled to a COA on this claim.

*Claim Three*: *Sixth Amendment Violations*

Valdez argues that he was denied effective assistance of counsel on the possession charge and that he was denied his right of self-representation in post-conviction proceedings. We disagree with the district court's conclusion that Valdez did not exhaust his ineffective assistance of counsel claim. He raised this claim in his motion for post-conviction relief, and on post-conviction appeal. However, our differing review of exhaustion does not support the issuance of a COA because Valdez has not made the required showing on the merits.

9

In order to establish ineffective assistance of counsel, a defendant must show deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 691 (1984). Valdez argues that once the State trial court determined that Flesch was ineffective on some charges, it had to conclude that Flesch was ineffective on all charges. The trial court determined that Flesch's performance did not prejudice Valdez on the possession charge because there was significant credible evidence against him, including his own admission that the substance found on his person was cocaine. Flesch's errors related largely to Juarez and the introduction of evidence that Valdez had a criminal history. The trial court found that these errors did not likely affect the verdict on the possession charge, and the Colorado Court of Appeals affirmed.

Valdez is not entitled to habeas relief because the State courts' determinations were not contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1). The Colorado courts correctly articulated the Strickland standard and did not apply it unreasonably. Contrary to Valdez's contention, the United States Supreme Court has not established an "all or nothing rule" with respect to ineffective assistance of counsel.[4]

---

[4] Prejudice is presumed when the right to counsel is actually or constructively denied altogether. United States v. Cronic, 466 U.S. 648, 659 (1984). The right is constructively denied if "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." Id. The Colorado courts did not find this was the case, and this determination is not unreasonable.

The State courts did not address the merits of Valdez's self-representation claim, and we review the district court's dismissal of this claim de novo. The Constitution does not require states to provide post-conviction review at all. Pennsylvania v. Finley, 481 U.S. 551, 557 (1987). Alleged errors in a state post-conviction proceeding are not cognizable federal habeas claims because "federal habeas corpus relief does not lie for errors of state law . . . ." Lewis v. Jeffers, 497 U.S. 764 (1990). Therefore, Valdez is not entitled to a COA on this claim.

*Claim Four*: *Eighth Amendment Violation*

Valdez raised his Eighth Amendment claim for the first time in his federal habeas petition. This claim is unexhausted and procedurally barred. Further, the gist of this claim is that Valdez's possession conviction was the product of ineffective assistance of counsel. We have already determined that Valdez has not made the requisite showing on the merits of this issue. See discussion of Claim Three, supra.

*Claim Five: Probable Cause for Trial, Sufficiency of the Evidence, Biased Court*

It is not clear whether Valdez ever challenged the sufficiency of the evidence at his preliminary hearing. Regardless, Valdez is not entitled to a COA on this issue because it is not a cognizable federal habeas claim. "[A] conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." Gerstein v. Pugh, 420 U.S. 103, 119

11

(1975).

Valdez raised a claim regarding the sufficiency of the evidence on his burglary conviction in the trial court. However, he did not challenge the sufficiency of the evidence on the <u>possession</u> conviction,[5] which is the only conviction at issue here. Therefore, his sufficiency of the evidence claim is unexhausted and procedurally barred.

Valdez is not entitled to a COA on his judicial bias claim because it is not a ground for habeas relief. Valdez claims that the judge was biased against him during the post-conviction proceedings. This alleged error in state post-conviction proceedings has no bearing upon the validity of his conviction.

Valdez has not shown that reasonable jurists could debate whether the district court's procedural rulings are correct and whether his petition states a valid claim for the denial of a constitutional right. Valdez's request for a COA is DENIED and the matter is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Chief Judge

---

[5] Valdez argued that the evidence was insufficient on the burglary charge because Juarez did not testify at trial. Juarez's testimony would not have been helpful to Valdez's defense of the possession charge because she could not dispute the testimony that at least one bag of cocaine was found in Valdez's sock.

12