FILED
United States Court of Appeals
Tenth Circuit

June 19, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JEFFREY SCOTT CANADY,

    Petitioner - Appellant,

v.

JASON BRYANT,

    Respondent - Appellee.

No. 18-6148
(D.C. No. 5:18-CV-00677-HE)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.
_____

Petitioner Jeffrey Scott Canady requests a certificate of appealability to appeal

the district court's order dismissing his 28 U.S.C. § 2254 petition as untimely.

In June 2015, Petitioner pled guilty in Oklahoma state court to one count each

of second-degree murder, unauthorized use of a vehicle, possession of a firearm after

a felony conviction, and leaving the scene of a motor vehicle collision.  He was given

concurrent sentences totaling forty years' imprisonment, all suspended except for the

first twenty-five years.  Petitioner did not seek any relief from his convictions until

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2017, at which point the Oklahoma state courts denied his requests on the basis that they were untimely and he had not proven any justification for his untimeliness.

Having failed to obtain relief in state court, Petitioner filed a § 2254 petition for a writ of habeas corpus in July 2018. In that petition, he asserted that the state court lacked jurisdiction to convict him and that he was innocent, induced to plead guilty, and mentally incompetent. A magistrate judge reviewed the petition and recommended that it be dismissed as untimely because it was filed more than one year after Petitioner's convictions became final and he was not entitled to either statutory or equitable tolling. Petitioner objected to the recommendation, and after reviewing the matter de novo, the district court adopted the recommendation and dismissed the petition. The district court did not issue a certificate of appealability, and Petitioner now seeks a certificate of appealability from this court.

When a district court has denied a § 2254 petition on procedural grounds without reaching the merits of the underlying claims, a certificate of appealability should issue if the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because a petitioner must make both showings, we may first address "the issue whose answer is more apparent from the record and arguments." *Id.* at 485.

There is a one-year statute of limitations for habeas petitions filed by state court prisoners. 28 U.S.C. § 2244(d)(1). Relevant to this case, the limitations period

2

begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" or "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized . . . ." *Id.* § 2244(d)(1)(A), (C). Under Oklahoma law, a conviction arising from a guilty plea that is not appealed becomes final ten days after the entry of judgment and sentence. *See Fisher v. Gibson*, 262 F.3d 1135, 1138, 1142 (10th Cir. 2001); Okla. Stat. Ann. tit. 22, § 1051(a); Rule 4.2, Rules of the Court of Criminal Appeals, Okla. Stat. Ann. tit. 22, ch. 18, App.

Nevertheless, a habeas petition filed outside the one-year statute of limitations may still be considered if statutory or equitable tolling applies. Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. "Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Equitable tolling, on the other hand, may extend the time period for a prisoner to file a habeas corpus petition if he demonstrates both that he has been diligently pursuing his rights and that extraordinary circumstances prevented him from timely filing. *McQuiggin v. Perkins*, 569 U.S. 383, 391–92 (2013).

A related but distinct principle is that actual innocence may provide a basis for an "equitable *exception* to § 2244(d)(1)" rather than equitable tolling's "extension of the time statutorily prescribed." *Id.* at 392 (emphasis in original). This court has

3

previously observed that the actual innocence showing requires a demonstration of "factual" rather than "legal" innocence. *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) ("Mr. Beavers does not claim that he is innocent of killing Raymond Matthews. Rather, he claims that he is not guilty of first degree murder because he was intoxicated and acted in self defense. However, these arguments go to legal innocence, as opposed to factual innocence.").

In this case, Petitioner did not seek to withdraw his plea or appeal within the window provided under Oklahoma law, and therefore his convictions became final ten days after his 2015 judgment and sentence. His 2018 habeas petition was thus untimely under § 2244(d)(1). This court's decision in *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), also did not extend the limitations period because—in addition to the magistrate judge's and district court's conclusion that *Murphy*'s holding is not as broad as Petitioner claims—it is not a Supreme Court decision and therefore could not create new law relevant under § 2244(d)(1)(C).

Moreover, Petitioner is not entitled to either statutory or equitable tolling. His 2017 state court requests for relief do not entitle him to statutory tolling because they too were filed outside the one-year time period for § 2254 petitions. Petitioner also has not demonstrated that he is entitled to equitable tolling. He asserts that the state prison put him "on mind-altering drugs" and in "mental health solitary confinement," and did not give "mentally disabled or handicapped prisoners" like him access to the law library. (R. at 15.) However, Petitioner has not made the required showing that he diligently pursued his rights. He was represented by counsel when he pled guilty,

4

and he does not explain how the subsequent prison conditions prevented him from seeking relief within the 10-day window after he was convicted and sentenced.

Finally, Petitioner has not demonstrated any entitlement to the actual innocence equitable exception to § 2244(d)(1). Like the prisoner in *Beavers*, Petitioner does not claim that he did not commit the killing for which he was convicted of second-degree murder. Rather, he claims it was an "accident." An accidental killing may prove legal innocence, but it does not establish or even suggest factual innocence. *See Beavers*, 216 F.3d at 923.

Thus, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack*, 529 U.S. at 484. Accordingly, his request for a certificate of appealability is **DENIED**. His motion for leave to proceed *in forma pauperi*s is **GRANTED**.

Entered for the Court

Monroe G. McKay
Circuit Judge