FILED
United States Court of Appeals
Tenth Circuit

April 8, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROOSEVELT RICO DAHDA,

    Defendant - Appellant.

No. 23-3272
(D.C. Nos. 2:22-CV-02382-DDC &
2:12-CR-20083-DDC-2)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Petitioner Roosevelt Rico Dahda, appearing _pro se_, requests a certificate of

appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C. § 2255

application. For the reasons stated below, we deny his request for a COA and dismiss the

matter.

I.

A federal jury found Petitioner guilty of several drug convictions including

conspiracy to possess with intent to distribute and conspiracy to distribute more than

1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

For his crimes, the United States District Court for the District of Kansas sentenced Petitioner to 201 months in prison and ten years of supervised release, but we remanded for resentencing. United States v. Dahda, 852 F.3d 1282, 1289 (10th Cir. 2017), aff'd, 138 S. Ct. 1491 (2018). The district court resentenced Petitioner to 141 months in prison and six years of supervised release. Petitioner again appealed, but we affirmed. United States v. Dahda, 854 F. App'x 267 (10th Cir. 2021), cert. denied, 142 S. Ct. 323 (2021) ("Dahda II"). Petitioner moved to vacate his sentences under 28 U.S.C. § 2255, but the district court dismissed Petitioner's motion, also denying Petitioner a COA. Petitioner now requests from us a COA to appeal the district court's dismissal.

## II.

To receive a COA, Petitioner must make a "substantial showing of the denial of a constitutional right." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)(2)). A petitioner makes such a showing if he demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). When a district court denies a § 2255 motion on procedural grounds, a petitioner requesting a COA must also show us that reasonable jurists would find debatable the correctness of the procedural ruling. Id. When we can rule based on the procedural question without addressing the constitutional merits question, we often do so. Id. at 485. We liberally construe *pro se* filings, but we do not advocate on the petitioner's behalf. Yang v. Archuleta, 525 F.3d 925, 927 n.1

2

(10th Cir. 2008) (quoting Ledbetter v. City of Topeka, 318 F.3d 1183, 1187–88 (10th Cir. 2003)).

## A.

Petitioner argues the district court improperly sentenced Petitioner under 21 U.S.C. § 841(b)(1)(C)—which carries a twenty-year maximum sentence—instead of under § 841(b)(1)(D)—which carries a five-year maximum sentence.  First, Petitioner argues that the § 841(b)(1)(C) enhancement "requires a finding, beyond a reasonable doubt, that the charged quantity (1,000 kilograms) was individually attributable to the defendant."  This argument is unpersuasive because the jury found beyond a reasonable doubt that the "scope of the agreement involved more than 1,000 kilograms of marijuana."  And under § 841, a court may penalize defendants for distributing controlled substances "involving . . . 1,000 kilograms or more of a mixture or substance containing a detectable amount of" marijuana, not just for the amounts individually attributable to the defendant.  Accordingly, reasonable jurists could not debate whether the district court should have granted relief on this basis.  See Slack, 529 U.S. at 484.

Second, Petitioner argues that the jury, not the sentencing judge, should have made the factual determination necessary to trigger the § 841(b)(1)(C) enhancement, violating his Sixth Amendment right to trial by jury.  But Petitioner failed to raise this issue in his § 2255 petition.  We will not consider COA arguments not presented in the district court.  United States v. Viera, 674 F.3d 1214, 1220 (10th Cir. 2012) (citing McDonald v. Kinder–Morgan, Inc., 287 F.3d 922, 999 (10th Cir. 2002)).  So if a petitioner does not make an argument in his habeas petition, he waives that argument in

seeking a COA. Owens v. Trammell, 792 F.3d 1234, 1246 (10th Cir. 2015) (citing

Stouffer v. Trammell, 738 F.3d 1205, 1222 n.13 (10th Cir. 2013); Jones v. Gibson, 206

F.3d 946, 958 (10th Cir. 2000); Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999)).

In his § 2255 petition, Petitioner argued that "[n]othing in the jury instructions required

the government to prove, or the jury to find, that more than 1,000 kilograms of marijuana

were individually attributable to [Petitioner]." This argument is distinct from the one he

now raises: "the sentencing judge impermissibly made this determination," in violation of

his "Sixth Amendment right to a trial by a jury of his peers." Petitioner failed to invoke

his Sixth Amendment right to trial by jury and did not assert prejudice to his Sixth

Amendment rights. Accordingly, we hold this argument waived and do not consider it.[1]

B.

Petitioner argues that the district court violated his Fifth Amendment right to due

process by failing to conduct a colloquy before imposing an enhanced sentence under

21 U.S.C. § 851(b). To qualify for § 2255 relief, Petitioner must show that the absence of

a § 851 colloquy constituted "a fundamental defect which inherently result[ed] in a

complete miscarriage of justice." United States v. Addonizio, 422 U.S. 178, 185 (1979)

(quoting Hill v. United States, 368 U.S. 424, 428 (1962)). So to receive a COA on this

basis, Petitioner must show that reasonable jurists could debate whether the absence of an

§ 851 colloquy resulted in a miscarriage of justice. See Slack, 529 U.S. at 484.

---

[1] Even if Petitioner had raised this Sixth Amendment issue in his § 2255 petition, it would not be a basis for relief because Petitioner misrepresents the proceedings. As discussed, the jury—not the judge—found that the scope of the agreement involved more than 1,000 kilograms of marijuana.

But according to the district court, Petitioner "received ample notice that the court intended to" impose an enhanced sentence under § 851(b). Additionally, the district court found that Petitioner could not reasonably have believed that he would not be sentenced under enhanced maximum penalties—even without a colloquy. This factfinding suggests that the district court's procedure did not adversely affect Petitioner. And Petitioner does not contest the district court's fact finding, instead arguing that the scale of his case merits a colloquy.[2] But because Petitioner has not shown how the lack of a colloquy constituted a miscarriage of justice, Petitioner fails to show that reasonable minds could differ about whether the district court should have resolved his § 2255 petition differently.

C.

Petitioner argues the district court violated his rights under the First, Fifth, and Sixth Amendments by imposing a thirty-three-month upward sentence variance. But Petitioner inaccurately portrays the proceedings before the district court. Petitioner claims the district court imposed this upward variance because Petitioner encouraged his codefendant—Sadie Brown—to reject a proposed plea agreement. To the contrary, the district court imposed the upward variance because Petitioner tried to obstruct justice by communicating with Brown: Petitioner was "involved in threatening, intimidating, or

---

[2] Petitioner argues: "The district court's reasoning might make sense in the typical smaller case. But [Petitioner]'s case was epic. It involved a large conspiracy, a lengthy jury trial on the merits, allegations of unlawful government wiretapping, United States Supreme Court review, two appeals and two sentencings."

unlawfully influencing [Brown]'s decisions in this case" and "attempted to get her to testify falsely."

1.

Petitioner argues the district court violated his First Amendment rights by imposing a thirty-three-month upward variance based on his statements to his co-defendant.  If a defendant "fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered."  United States v. Cox, 83 F.3d 336, 341 (10th Cir. 1996) (citing United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994)).  Petitioner admits that he did not challenge on direct appeal his obstruction of justice variance for violating his First Amendment rights.  Accordingly, Petitioner may not raise this issue.

But we have recognized an exception to the collateral-review bar.  A petitioner may raise an issue he failed to raise on direct appeal if a material intervening change in law establishes grounds for relief.  See, e.g., United States v. Gordon, 4 F.3d 1567, 1570 n.2 (10th Cir. 1993).  Petitioner attempts to invoke this exception, arguing that he has shown cause for not raising his First Amendment claim on direct appeal because of the Supreme Court's decision in New York State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. 1, (2022).  But because Bruen only concerned the Second Amendment right to bear arms, Id. at 70, reasonable jurists cannot differ about whether Bruen constitutes a material intervening change of law about whether the First Amendment protects

6

statements obstructing justice.  Thus, Petitioner may not raise his First Amendment argument in this proceeding.

2.

Petitioner also claims this upward variance violated his Fifth Amendment right to due process because "the factual basis for the variance . . . no longer exists" after the district court reduced Brown's sentence.  We already rejected the basis for this argument in Dahda II, 854 F. App'x at 270, and we reject it now for the same reasons.  As we wrote in Dahda II, the district court varied upward on Petitioner's sentence because he obstructed justice.  Id.  And because Petitioner's sentence (141 months) fell within the guidelines range (135 to 168 months), "the district court committed no error . . . when it again applied a 33-month upward variance at resentencing."  Id.  Because the district court committed no error, reasonable minds could not differ on whether the district court should have resolved the § 2255 petition differently.

3.

Petitioner argues that his sentence is affected by the same "Sixth Amendment constitutional infirmities that affected [Brown]'s sentence," citing Alleyne v. United States, 570 U.S. 99 (2013).  But beyond this bare assertion, Petitioner offers no argument, factual basis, or explanation about why the upward variance conflicts with Alleyne, nor has Petitioner asserted why an error in Brown's sentencing would affect the legitimacy of Petitioner's sentence.  We won't serve as an advocate on his behalf.  See Yang, 525 F.3d at 927 n.1 (quoting Ledbetter, 318 F.3d at 1187–88).  Even affording Petitioner's Brief

solicitous construction, reasonable minds cannot differ about whether the upward variance violated Petitioner's Sixth Amendment rights.

D.

Petitioner argues that his counsel was constitutionally deficient in defending him against each of the above violations, violating his Sixth Amendment right to effective counsel. To prevail on this claim, Petitioner must demonstrate that his counsel's performance "'fell below an objective standard of reasonableness,' and that the deficient performance resulted in prejudice." United States v. Rodriguez-Rivera, 518 F.3d 1208, 1216 (10th Cir. 2008) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)). To establish prejudice, Petitioner must show a reasonable probability that his case would have had a different result but for his counsel's deficient performance. Beavers v. Saffle, 216 F.3d 918, 925 (10th Cir. 2000) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Even assuming that Petitioner received constitutionally deficient representation, Petitioner has not shown that he would have received a different judgment or sentence but for his representation. Thus, Petitioner has not established that reasonable jurists

8

could differ about whether the district court should have resolved his § 2255 petition differently on his Sixth Amendment claims.

III.

Petitioner has failed to establish that reasonable minds could differ on whether the district court should have resolved his § 2255 petition differently.  So we deny Petitioner a COA and do not reach the merits of his petition.[3]

MATTER DISMISSED.

Entered for the Court


Joel M. Carson III
Circuit Judge

---

[3] Because the district court granted Petitioner leave to proceed *in forma pauperis* on March 18, 2024, we dismiss Appellant's motion for leave to proceed *in forma pauperis* as moot.